JOHN J. FREDERICK, Respondent, v. J. S. WIL-
LOUGHBY, Appellant.

Kansas City Court of Appeals, March 1, 1909

1. **SALES: Cancellation: Damages: Performance.** Where the
seller is prevented from performing his contract by the pur-
chaser's unlawful repudiation thereof his remedy is for dam-
ages and he cannot perform the contract after such repudiation
and sue the purchaser to recover the contract price.

2. ———: ———: ———: **Minimizing.** Where a party to an
executory contract repudiated the same it is the duty of the
other party to minimize rather than increase the damages by
proceeding to perform the contract.

Appeal from Jasper Circuit Court.—*Hon. Haywood
Scott,* Judge.

REVERSED AND REMANDED.

*Curry, Owen & Farris* for appellant.

(1) It is settled law in this State that either par-
ty to an executory contract has the right to repudiate the
contract on the usual terms of compensating the other
for damages; and, that when the contract is so repudi-
ated, the other party is not thereafter at liberty to pro-
ceed with the performance. Catalog Co. v. Car Co.,
120 Mo. App. 583; Dillon v. Anderson, 43 N. Y. 23; 2
Mechem on Sales, sec. 1699, p. 1379. (2) His action was
for breach of contract, and the measure of damages
would be the profit which he would have made. King
v. Western Mfg. Co., 92 Fed. 486; Kingman, etc., Co. v.
Iron Co., 29 Mo. App. 526. (3) The suit here is based
on the contract expressed in the written order. The
defendant's evidence showed the order was counter-
manded before the refrigerator was shipped. The evi-
dence fails entirely to show that the refrigerator was

manufactured pursuant to the order of the defendant. Range Co. v. Mercantile Co., 120 Mo. App. 447.

*Thompson & Thompson* for respondent.

(1.) In this case the order taken by plaintiff's agent amounted to an executory contract, and since the plaintiff's said agent had authority to execute the order and bind his principal, the contract was complete as soon as signed by defendant, and binding on both parties and neither party to the contract could countermand or repudiate same without the consent of the other party. Bauman v. McManus, 10 l. r. a. (n. s.) 1138; Parlin v. Boatman, 84 Mo. App. 67; Campbell v. Woods, 122 Mo. App. 723; Range Co. v. Mercantile Co., 120 Mo. App. 447; Dobbins v. Edmonds, 18 Mo. App. 307.

JOHNSON, J.—Action on contract brought before a justice of the peace to recover the purchase price of a refrigerator sold plaintiff to defendant. A jury was waived in the circuit court where the cause was taken by appeal and a trial resulted in a judgment for plaintiff for the amount of the contract price of the refrigerator. Defendant appealed.

Plaintiff, doing business in St. Louis under the name of the Standard Scales & Fixtures Company, was a dealer in scales, refrigerators and fixtures used by grocers. Defendant was a grocer doing business in Carterville, Missouri. On January 3, 1907, defendant executed and delivered to a traveling salesman for plaintiff, a written order for a refrigerator, described as a "No. 410 McCray refrigerator . . . made by Sutherland & Dow, Chicago, Ill." The order required plaintiff to ship the refrigerator April 1, 1907, and to deliver it f. o. b. cars at Carterville for the price of $111.87, payable on delivery. No privilege to cancel the order was given defendant. No point is made that the order was not immediately accepted by plaintiff. It is not claimed that the refrigerator was of a special design

or pattern or that it was to be specially manufactured for defendant.

Under date of March 8, 1907, defendant wrote plaintiff the following letter:

"CARTERVILLE, Mo., March 8, 1907.
"Standard Scale & Fixtures Co.,
        "St. Louis, Mo.

"Please countermand order given your Mr. St. Clair, for one No. 410 McCray Refrigerator, to be shipped about April 1st, as I have just installed through Ayers Brokerage Company, Joplin, Mo., 1 large McCray Meat Cooler, which will answer my entire purpose, regretting the necessity of countermanding the order, I am,                        "Yours respectfully,
                "J. S. WILLOUGHBY."

The next day plaintiff replied as follows:

"ST. LOUIS, Mo., March 9, 1907.
"Mr. J. S. Willoughby,
        "Carterville, Mo.

"Dear Sir: We have request from you to countermand order given our Mr. St. Clair, and on looking up this order we find that it is a straight sale, and that there is no cancellation privilege.

"The Ayers Brokerage Co., of Joplin, Mo., have the agency for McCray goods in portion of Kansas and Oklahoma, but that does not give them the right to interfere with contracts that we have made.

"When our men make these contracts they have earned the salary that we pay them for getting the business, and we rather resent the interference of the Ayers Brokerage Co., in prevailing on you to attempt to countermand an order that has been placed by you, and accepted by us, in good faith.

"We cannot release you from carrying out your

contract, and we stand ready to carry out all that we have agreed to do.                    "Yours truly,

"STANDARD SCALE & FIXTURES CO.,

"per JOHN J. FREDERICK, Mngr."  .


On March 27th the traveling salesman, Mr. St. Clair, called on defendant at Carterville.  The substance of the conversation that ensued is a subject of controversy between the parties.  Plaintiff contends that defendant withdrew his cancellation of the order and directed the salesman to have the refrigerator delivered at the time specified.  This is denied by defendant.  Plaintiff shipped the refrigerator on April 1st, and offered to deliver it to defendant f. o. b. cars at Carterville, but defendant refused to receive it and this suit followed.  It is alleged in the statement filed with the justice "that in due course he (plaintiff) performed all the agreements as per terms of the above contract, and shipped said refrigerator to plaintiff at Carterville, Mo., which arrived at said station in due course of shipment and that the above sum is long past due and unpaid to plaintiff and that although often requested, defendant fails and refuses to pay said amount, which is justly due as per terms of the above contract."  The prayer is that plaintiff "may have judgment for the full amount past due, $111.87, and the costs of this suit."

Defendant asked and the court refused to give the following declarations of law:  "The court declares the law to be that if the court finds from the evidence that the defendant countermanded the order for the refrigerator before the same had been shipped by the plaintiff, and did not thereafter tell the plaintiff's agent to ship the said refrigerator, the finding must be for the defendant."  The question for our solution is whether the court erred in refusing this declaration and in rendering judgment for the full amount of the contract price of the refrigerator.

Since the order did not give to defendant the right

of rescission, his repudiation of the contract before full performance by plaintiff would constitute a breach of the contract for which an action would lie in favor of plaintiff for the recovery of compensatory damages. It is argued by plaintiff that the letter of defendant dated March 8th does not amount to an unconditional repudiation of the contract, but is only a request that the order be cancelled. We do not accept this interpretation. The letter expressed a courteous but unconditional and unequivocal determination not to receive the refrigerator and, therefore, constituted a breach of the contract. If defendant, as the evidence of plaintiff tends to show, subsequently withdrew the countermand with the consent of plaintiff and plaintiff then shipped the refrigerator in accordance with the terms of the contract, this suit was properly brought and plaintiff should recover judgment for the stipulated purchase price. On the other hand, if defendant, as he testified, did not withdraw his countermand in the conversation with the traveling salesman, a different result must follow. The rule has received repeated recognition in this State that "one party to an executory contract has always the right, subject to the obligation to pay damages to the other, to stop the performance of the contract whenever, for any reason, he deems it to his interest to terminate it and the other party is not at liberty to proceed thereafter with the performance in order to enhance the damages to be paid." [2 Mechem on Sales, sec. 1699.] On the occurrence of the breach of the contract it becomes the duty of the injured party not only to do nothing to enhance his damages but reasonably to exert himself to minimize them. He is entitled to recover full compensation for the loss he sustains by reason of being prevented from performing the contract, but he has no right to proceed with the performance to the enhancement of his damages. The measure of damages in such cases is correctly stated in the following extract from

the opinion in Catalogue Co. v. Car Co., 120 Mo. App. l. c. 583:

"Plaintiff's remedy, having expended labor and incurred expense in a part performance of the contract before its repudiation, was by suit to recover the money expended, the value of the labor bestowed in part performance of the contract, plus the profit that would have accrued had not the performance of the contract been prevented by the defendant. The contract sued on is unlike a contract for personal services for a definite period. In the latter class of contracts, where the employee is wrongfully prevented from performing his contract by his employer, the employee may hold himself ready and willing to perform his part of the contract and so notify his employer. The law deems his readiness and willingness to perform the contract as equivalent to performance, and he may at the end of the contract period sue on the contract for the contract price which, however, may be offset by such sums as the employee has earned in other service or which he could have earned by accepting an offer of employment within the line of his occupation. [Pond v. Wyman, 15 Mo. 176.] This is a just and equitable rule as applied to breaches of contract for personal service but for obvious reasons should not be applied to contracts, which the complaining party had no power to perform after its repudiation by the other party, and where all the damages caused by the breach accrued at the happening of the breach." Other cases in point are Kingsland v. Iron Co., 29 Mo. App. 256; Range Co. v. Mercantile Co., 120 Mo. App. 438; King v. Western Mfg. Co., 92 Fed. 486; Dillon v. Anderson, 43 N. Y. 231.

Since the evidence discloses beyond question that the refrigerator was not to be specially made for defendant but was of a standard make and pattern and, therefore, was an article of merchandise on the market, the practical rule applicable to the measurement of plaintiff's damages in a proper action would be the difference

between the market value and the contract price of the refrigerator. Thus it will be seen that the question of whether or not plaintiff should recover in the present action depends on the solution of the single issue of fact we have noted. On the hypothesis presented by the evidence of defendant, the action must fail since "the suit being on the contract to recover the contract price, neither evidence of the amount expended in part performance of the contract nor evidence of the profit plaintiff would have made on a full performance was admissible or recoverable in the suit as brought." [Catalogue Co. v. Car Co., supra; Cole v. Armour, 154 Mo. 333.]

The declaration of law under consideration should have been given and its refusal constitutes reversible error.

The judgment is reversed and the cause remanded. All concur.