# EDWIN C. KOENIG, Appellant, v. TRUSCOTT BOAT MANUFACTURING COMPANY, Respondent.

**St. Louis Court of Appeals. Submitted on Briefs January 10, 1911. Opinion Filed March 4, 1911.**

1. **SALES: Reasonable Time for Delivery: Condonement: Verdict: Consistency With Instructions.** In an action for the price of a boat, constructed under a contract which did not stipulate for delivery at any specified time, where the court instructed the jury that they must find the boat was built within a reasonable time, before returning a verdict for the seller, and defining the words "reasonable time," although, under the uncontradicted evidence, it appeared that it was possible to have constructed the boat much sooner than it was, yet, there being evidence from which the jury had the right to assume that the delay was condoned by the purchaser, it cannot be said that the jury disregarded the instructions in finding for the seller, and this, too, notwithstanding the question of condonement was not covered by any instructions.

2. **FOREIGN CORPORATIONS: Not Licensed to Do Business: Interstate Commerce.** Where the local agent of a foreign corporation negotiates a contract to build a boat for a resident of this state, the contract being subject to acceptance by the corporation and the boat to be built at the home of the corporation, the transaction is interstate commerce, and the state statutes, requiring foreign corporations to do certain things as a condition precedent to their doing business in this state, are inapplicable.

3. **SALES: Refusal of Buyer to Accept: Remedies of Seller.** If the buyer of personalty refuses to accept it when tendered by the seller in proper condition and at a proper time and place, the seller may, if the property was ready for delivery before he received notice or had knowledge of the buyer's intention to decline acceptance, treat the property as belonging to the buyer, hold it subject to the latter's order and recover the full agreed price; or he may sell it for the buyer's account, taking requisite steps to protect the latter's interest, and then recover the difference between the amount received and the agreed price; or he may treat the sale as ended by the buyer's default, and the property as his, and recover the actual loss sustained, which is usually the difference between the agreed price and the market price.

4. ———: ———: **Duty of Seller: Right of Seller to Recover Contract Price.** Where the maker of a boat under contract therefor stated to the purchaser that he stood ready to ship it to him when notified by him that he was ready to receive it, it was all that the maker was bound to do to entitle him to recover the contract price.

5. ———: ———: **Action for Purchase Price: Evidence.** In an action to recover the part of the purchase price paid in advance by plaintiff on a contract for constructing a boat, where defendant put in a counterclaim for the balance due, neither evidence of the amount expended in part performance of the contract nor evidence of the profits defendant would have made on full performance would be admissible.

6. **APPELLATE PRACTICE: Pleading: Counterclaim: Sufficiency of, May Be Questioned, on Appeal.** The objection that a counterclaim does not state a cause of action may be raised for the first time in the appellate court.

7. ———: **Attacking Abstracts: Rule 33.** The appellate court prefers to determine a cause on its merits, and Rule 33 of the St. Louis Court of Appeals, prescribing the time within which questions affecting the sufficiency of abstracts must be presented, was adopted to attain that end.

Apppeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock*, Judge.

AFFIRMED.

*Theodore C. Eggers* and *Harmon J. Bliss* for appellant.

(1) Where there is no evidence whatever to support a finding by a jury upon a particular issue a new trial should be granted by the trial court, and the refusal so to do is reversible error. Spooner v. Railroad, 23 Mo. App. 403; Doty v. Steinberg, 25 Mo. App. 328. (2) Where it clearly appears that the jury disregarded the instructions of the court the trial court should set aside the verdict and grant a new trial, and a failure so to do is reversible error. Payne v. Railroad, 129 Mo. 405; Hearne v. Keath, 63 Mo. 84; Harlan v. Railroad, 64 Mo. 480. (3) Where an instruction correctly

states the law involving essential matters pleaded, supported by evidence, and at issue, it is reversible error to refuse the instruction. Hess v. Powell, 29 Mo. App. 411; Patchen v. Biggerstaff, 25 Mo. App. 534; Doan v. Railroad, 38 Mo. App. 408; Ridens v. Ridens, 29 Mo. 470; Cahn v. Reid and Bungardt, 18 Mo. App. 131; Gray v. McDonald, 28 Mo. App. 477. (4) When an erroneous instruction is given and the trial results in favor of the party at whose instance it was given, the presumption is that the error was prejudicial. State v. Taylor, 118 Mo. 153; Morton v. Heidorn, 135 Mo. 608; Barkley v. Cemetery Ass'n, 153 Mo. 300. (5) The measure of damages in action for breach of contract, is a matter of law for the court to declare in its instructions to the jury, and is not a matter for the jury to guess at or speculate upon. Rhodes v. Holladay-Klotz L. & L. Co., 105 Mo. App. 314; Morrison v. Yancey, 23 Mo. App. 675; Kick v. Doerste, 45 Mo. App. 134, and cases therein cited. (6) Where a contract for the sale of goods is still executory, that is to say, where the property in the goods has not been transferred from the vendor to the vendee, the remedy of the vendor for a failure or refusal to accept or pay for the goods is a personal action for breach of contract and not for the purchase price as on an account stated. 24 Am. and Eng. Ency. of Law, p. 1113; Northrup v. Cook, 39 Mo. 208; Wall v. Ice and Cold Storage Co., 112 Mo. App. 667; Fairbanks, Morse & Co. v. S. W. Heltsley & Co., 122 S. W. Rep. 198; Pittsburg, etc., R. Co. v. Heck, 50 Ind. 306; Webber v. Minor, 6 Busch, 463, 99 Am. Dec. 688; Duckham v. Smith, 5 T. B. Mon. 372; 2 Story on Contracts (5 Ed.), sec. 1035. (7) There must also be an acceptance of the property by the vendee before the title will vest in him, and the title will not vest in the vendee against his will. Until the title has passed the contract of sale remains executory, and recovery by the vendor can not be had of the purchase price. Rider v. Kelly, 32 Vt. 271; England v. Mortland,

3 Mo. App. 490; Hale v. Huntley, 21 Vt. 147; Jones v. Marsh, 22 Vt. 144; Gilman v. Hill, 36 N. H. 311; Comfort v. Kirsted, 36 Barb. 472; Johnson v. Hunt, 11 Wend. 137; Mixer v. Howarth, 21 Pick. 205; Ober v. Carson, 62 Mo. 209; Calhoun v. Paule, 26 Mo. App. 274; Schermerhorn v. Herold, 81 Mo. App. 461; Lovelace v. Stewart, 23 Mo. 384; Johnstone v. Parrott & Barnes, 92 Mo. App. 203; Frazier v. Railroad, 104 Mo. App. 360; Wright v. Trust Co., 144 Mo. App. 644; Van Horn v. Rucker, 33 Mo. 392; Rickey v. Tenbroeck, 63 Mo. 567; Kingsland & Ferguson Mfg. Co. v. St. Louis Iron Co., 29 Mo. App. 526; Halliday & Co. v. Lesh, 85 Mo. App. 285; Nelson v. Hirsch & Sons Co., 102 Mo. App. 498; Chitty on Contracts, 11 Am. Ed., p. 1331; Benjamin on Sales (5 Ed.), p. 805; Whitman v. Cotts, 14 Mo. 9; Northrup v. Cook, 39 Mo. 567; Gaibout v. Clark, 24 Mo. App. 426; Anderson Carriage Co. v. Gilmore, 123 Mo. App. 19; Brown v. Trinidad Asphalt Mfg. Co., 210 Mo. 273; Bolt and Nut Mfg. Co. v. St. Louis Car Co., 210 Mo. l. c. 726; Chapman v. Ingram, 30 Wis. 290; Shepherd v. Hampton, 3 Wheat 200; Allen v. Jarvis, 20 Conn. 38; Dana v. Fielder, 12 N. Y. 40; Davis v. Shields, 24 Wend. 322; Kingman v. Western Mfg. Co., 92 Fed. 486; Fairbanks, Morse & Co. v. S. W. Heltsley & Co., 122 S. W. Rep. 198; Pittsburg, etc., R. W. Co. v. Heck, 50 Ind. 303; Fell v. Muller, 78 Ind. 507.

*J. D. Johnson* and *Loomis C Johnson* for respondent.

(1) Appellant's first two assignments of error are not well taken, because, first, the question of "reasonable time" was not properly before the court below, and, second, there is nothing before this court going to show that the jury disregarded plaintiff's evidence as to reasonable time. (a) Testimony adduced in the court below in support of respondent's case, will be considered

as proved by this court in considering the law applicable thereto. Womach v. Jenkins, 128 Mo. App. 412. (b) The evidence showed that as late as October 14, 1906, appellant agreed that respondent should have at least two weeks from that date in which to complete the boat, and that the boat was finished within the extended time. This constituted a waiver of the verbal understanding that the boat was to be completed by July 14, 1906, or the implied agreement that it was to have been completed within a reasonable time, and was binding on the appellant. Riley v. Ins. Co., 117 Mo. App. 235; Roach v. Trust, etc., Co., 130 Mo. App. 412. (2) Plaintiff's instructions 1 and 2 were both properly refused, because the evidence showed conclusively that the contract herein, though signed in Missouri, was to have been performed in the State of Michigan; such facts constituted a sale in the State of Michigan, and not in Missouri, and in no wise rendered defendant amenable to the laws of Missouri relating to foreign corporations doing business here without a license. State v. Wingfield, 115 Mo. 437; Brewing Co. v. Bobrecker, 79 Mo. App. 65; Hogan v. St. Louis, 176 Mo. 157; Blevins v. Fairly, 71 Mo. App. 259; Kerwin v. Doran, 29 Mo. App. 397; State v. Rosenberger, 212 Mo. 648. (3) Plaintiff's contentions that defendant's sole right of recovery was the difference between the contract price and the market price, is not correct. Dobbins v. Edmonds, 18 Mo. App. 307; St. L. Range Co. v. Mercantile Co., 120 Mo. App. 446; Campbell v. Woods, 122 Mo. App. 719; Black River L. Co. v. Warner, 93 Mo. 374; Mitchell v. Clair, 165 Mass. 305.

REYNOLDS, P. J.—Plaintiff brought his action against defendant, a manufacturing corporation, organized under the laws of the State of Michigan, having its manufacturing plant in that state, to recover $1200 paid to defendant by plaintiff on a contract originally

entered into between them at St. Louis, under which contract defendant agreed to complete and construct a gasoline motor boat for plaintiff according to certain plans and specifications for the sum of $5000; of this $1200 was to be paid at the time of entering into the contract, $1200 was to be paid when the engine of the boat was ready, $2600 when the boat was completed and trial made, or on delivery of the boat; it being understood that one Miller was to pay the sum of $500 on the final payment and should also pay the freight to St. Louis, Miller being the sales agent at St. Louis who had negotiated the contract with plaintiff. Of this purchase price plaintiff had paid $1200 when the contract was entered into. Averring that defendant had breached the contract in that it had wholly failed and refused to construct the boat and engine according to the plans and specifications agreed upon, plaintiff demands judgment for the $1200 and interest thereon.

The answer, after a general denial, sets up a counterclaim for $3800, averring that defendant had in all things performed the terms and conditions of the contract and had completed the boat according to the plans and specifications of the contract, and averring that defendant "has always been ready and willing to deliver the same to plaintiff upon payment therefor and is now ready and willing to do so," and that plaintiff has failed and refused and still fails and refuses to pay plaintiff the balance due when the boat was completed, defendant demands judgment for $3800 and costs.

By way of reply, after denying the new matter set up in the counterclaim, plaintiff charging that defendant is a corporation of the State of Michigan and that the contract was entered into in this state and that when the contract was made and down to the time of the filing of its answer defendant had not complied with the laws of this state requiring foreign corporations transacting business in this state to file a copy of their charters and to take out a certificate of author-

ity to do business in this state, denied the right of defendant to maintain its counterclaim.

At the trial before a court and jury there was evidence tending to prove that a sales agent of defendant, located in St. Louis, had there made the original agreement with plaintiff; that that agreement was transmitted to the home office of defendant at St. Joseph, Michigan, and acceptance of it declined unless certain material changes were made in it. Writing to this effect to plaintiff, the latter accepted the modification by letter. In the correspondence it appears that in negotiating for the building and purchase of the boat with Miller, the local agent, that this preliminary contract between plaintiff and defendant's agent, Miller, was entered into on the 12th of March, 1906. It also appeared that defendant's manufacturing plant was located at St. Joseph, Michigan, where the boat was constructed, and that it had no plant and did no work on the boat in Missouri. On July 23, 1906, the boat not having been completed, plaintiff wrote to defendant, stating that when he placed the order with Mr. Miller, it was the understanding between them that the boat was to be delivered in St. Louis not later than the 15th of June, so that plaintiff could enter it in some boat races that were to take place about that date. In the contract itself, however, no time of completion or delivery of the boat is specified. Some time in October, 1906, the boat not having been finished, plaintiff, on invitation of defendant, went up to see it. It was not then completed, in point of fact, the engine seems neither to have been selected nor installed. Plaintiff left St. Joseph with the understanding that he would be sent for in a few weeks when the boat would be completed and he could again inspect it. There was evidence tending to show that he had received no such notice, and accordingly on the 26th of December, 1906, he wrote defendant, going over the matter of the delay and disappointment and expense he had been subjected

to in consequence of it, and wrote defendant that he considered the contract cancelled by its action in the premises, and asked defendant to refund him the $1200 paid as part payment on the contract. On the 11th of January, 1907, defendant wrote plaintiff that it had sent word to him to come up and inspect the boat, but that it understood he had been sick. It is also stated in this letter that defendant has lived up to its obligation in every particular except it had not been able to get the boat out "as early as Mr. Miller hoped," but that it was ready and waiting and was still waiting to hear something from plaintiff. There was evidence on the part of plaintiff tending to show that he had done nothing further in the transaction from that time on. But there is also evidence tending to show that when Mr. Miller insisted on plaintiff and his father Henry C. Koenig going up to St. Joseph and examining the boat, that while plaintiff refused to go, his father, with plain-tiff's assent, did go up sometime in May, 1907, and examined the boat, which at that time had been tested, but on the trial trip, and apparently owing to some defect in the engine, the latter had broken down. Mr. Koenig, Sr., and his son suggested that the boat be sent to St. Louis for trial, which defendant refused to do. There was evidence on the part of defendant tending to show that this defect was repaired and that the boat was finished and again ready for delivery a very short time afterwards. There was very persuasive evidence on the part of plaintiff tending to show that the boat could have been finished in from ten weeks to three months from the time the order was placed, and evidence for defendant tending to prove that the boat was practically finished in the fall of 1906 and ready to ship.

At the close of the testimony the court, at the instance of plaintiff, gave three instructions, the first to the effect that if the jury found and believed from the evidence that the contract had been entered into between the parties and that plaintiff paid defendant at

the time agreed upon in the contract the sum of $1200 and carried out on his part the terms of the contract, "and if the jury further find that such boat was not constructed and ready for delivery within a reasonable time, and if they further find that such sum of $1200 has not been returned to plaintiff by defendant, then their verdict and finding must be for the plaintiff." The second instruction told the jury that "reasonable time," as used in the instruction, meant "such time as would ordinarily be required by skillful and workmanlike builders of boats in 1906, working with reasonable diligence, to construct and build a boat of the same size and character as the boat mentioned in the contract and in the evidence." The third instruction told the jury that the burthen of proof was on plaintiff to establish by the preponderance of evidence the facts necessary to a verdict and then correctly instructed the jury as to the meaning of "burthen of proof."

Of its own motion the court instructed the jury as to the number of jurors necessary to concur in a verdict and correctly instructed the jury as to their province in determining on the credibility of the witnesses and the weight to be given to their testimony.

Plaintiff requested two instructions to the effect that if the jury found that defendant was a foreign corporation, transacting business in the state without having complied with the laws relating to foreign corporations, that the defendant could not recover on its counterclaim. These were refused, plaintiff excepting.

At the instance of defendant the court gave the following instruction to the jury:

"1. The court instructs the jury that if you believe and find from the evidence that plaintiff and defendant entered into a contract whereby defendant agreed to build a motor boat for plaintiff for a sum agreed upon, and if you believe and find from the evidence that defendant in compliance with said contract

and the directions of plaintiff, constructed said boat for plaintiff and was and is ready and willing to deliver the same to plaintiff upon payment therefor in accordance with the terms of said contract, but plaintiff refused and still refuses to accept the same or to make payment therefor, then plaintiff is not entitled to recover of defendant any amount paid by him on account of the contract price of said boat and defendant is entitled to recover of plaintiff the difference between the contract price and the amounts received by it from plaintiff."

Plaintiff duly objected and excepted to the giving of this instruction. This is the only instruction asked by or given at the instance of defendant.

The jury returned a verdict in favor of defendant on plaintiff's cause of action and in favor of defendant on its counterclaim, assessing its damage at $3300. After interposing a motion for new trial which was overruled and exceptions saved, plaintiff has duly perfected an appeal to this court.

The learned counsel for appellant make six assignments of error. The first and second are substantially to the same effect, namely, that the jury had totally disregarded the evidence as to what was a reasonable time for completion of the boat under the contract and in that respect had disregarded the instruction of the court as to it being necessary for defendant, to maintain its counterclaim, to show that the boat had been finished within a reasonable time. The third and fourth count on the refusal of the court to submit to the jury as a question of fact the question of whether defendant, a foreign corporation, had been doing business in this state during the time averred, and that this matter should have been submitted to the jury under proper instructions and that the refusal of the court to give the two instructions covering this matter was reversible error, plaintiff complaining that by the refusal of these instructions he has been prevented from pre-

senting that issue to the jury. The fifth error assigned is that the measure of damages in action for a breach of contract is a matter of law for the court to declare in its instructions to the jury and not a matter for the jury to guess out or speculate upon; that the measure of damages is in all cases a question of law and if the court undertakes to instruct the jury on the question it must do so properly and fully. The sixth assignment is to the effect that where a contract for the sale of goods is still executory and the property and goods have not been transferred from the vendor to the vendee, the remedy of the vendor for failure or refusal to accept or pay for the goods is a personal action for breach of contract and not for the purchase price as on an account stated; that before a vendor can recover the purchase price of the thing sold, the title thereto must have atually passed from the vendor and vested in the vendee and that before the title to the thing sold can pass to the vendee so that the vendor can recover the purchase price thereof, the vendor must show delivery either actual or constructive, not merely an offer or tender of delivery, and that there must be an acceptance of the property by the vendee before title will vest in him; that the vendor cannot retain the property sold and also recover the price of it.

Under the first and second assignments, it is argued that while the court correctly instructed the jury that they must find that the boat was constructed in a reasonable time and correctly defined the words "reasonable time," that the jury had totally disregarded these instructions, as the evidence showed beyond question that the boat could have been finished within ten weeks or three months and that no evidence contradicted this. It is true that the testimony introduced by plaintiff, and not contradicted by defendant, was that a boat of the kind and dimensions contracted for could then, in 1906, have ordinarily been constructed in that time. The trouble as applied to the case is, however, that

the learned counsel make no allowance for the fact that there was evidence before the jury from which they had the right to assume that the delay was condoned by plaintiff. Nor was this covered by any instructions. But it was a fact in evidence before the jury. While a delay from March, 1906, to January, 1907, on its face would appear very unreasonable in the construction of a boat that could, according to the testimony, have been finished in, at the outside, four months, it is to be borne in mind that the jury had before it evidence tending to show that this delay was acquiesced in by plaintiff. There was evidence tending to show that as late as May, 1907, and after plaintiff wrote his letter of December 28, 1906, plaintiff's father had gone up to St. Joseph and inspected the boat, and had not refused it, and that after that and from time to time explanations were made to plaintiff as to the cause of the delay, which he appeared to accept; at least made no positive repudiation of the contract. It is true that plaintiff and his father deny that the latter was acting for the former. But the matter of agency was for the jury. If plaintiff had stopped and rested on his letter of December 28, 1906, unless the boat was then finished as per contract, he would have been entitled to stand on the defense, that before the completion of the contract he had notified defendant of its cancellation on his part. If he had done this, a wholly different case would be presented. But the jury had a right to assume on the testimony that plaintiff by his acts had waived the delay, and that within the understanding between the parties and as interpreted by their acts in evidence, the delay in the completion of the boat was not unreasonable. In point of fact, this phase of the case presents more a matter of nondirection than of misdirection. There was no misdirection. These first and second assignments of error cannot be maintained.

The third and fourth assignments, going to the fact of defendant being a foreign corporation transacting

business in this state without having complied with our laws, have no merit whatever. It hardly seems consistent for plaintiff to sue defendant for recovery of money paid under a contract which he says was made in Missouri to now say that that contract was unlawful because defendant had no right to contract in Missouri. Passing that, however, it is clear from the evidence in this case that the business transacted by this defendant in connection with the matter of building this boat pertained to interstate commerce. Under the decision of our Supreme Court in International Textbook Co. v. Gillespie, 229 Mo. 397, 129 S. W. 922, that being so, the sections of our statute relied on are not applicable.

Coming to the material assignments, the fifth and sixth, that error was made in giving the instruction asked by defendant as to the measure of damages, we are unable to sustain them. The law is so well stated and the cases so fully compiled by Judge GOODE, speaking for this court, in the case of St. Louis Range Co. v. Kline-Drummond Mercantile Co., 120 Mo. App. 438, 96 S. W. 1040, as to the remedies of the seller and the measure of damages, that it is hardly necessary to do more than refer to that case for the determination of this point here under consideration. Judge GOODE says, at page 447: "If the buyer of personalty refuses to accept the subject-matter of the bargain when tendered by the seller in proper condition and at the proper time and place, the law allows the seller several modes of redress. If the contract has been so far performed by the seller that the property is ready for delivery before he has notice or knowledge of the buyer's intention to decline acceptance, he may treat the property as belonging to the buyer, hold it subject to the latter's order and recover the full agreed price; or he may sell it for the buyer's account, taking the requisite steps to protect the latter's interest and get the best price obtainable, and then recover the difference between the proceeds of the sale and the agreed price;

or he may treat the sale as ended by the buyer's default and the property as his (the seller's) and recover the actual loss sustained, which is ordinarily the difference between the agreed price and the market price." This has always been the accepted law in our state, Black River Lumber Co. v. Warner, 93 Mo. 374, 6 S. W. 210, being a leading case.

The case at bar was tried and submitted to the jury, so far as defendant in the case is concerned, on the first theory above stated by Judge GOODE, and the plaintiff at the trial presented no other theory. The instruction asked by and given at the instance of defendant is an absolutely correct statement of the law as applied to the case as made by the counterclaim, and as accepted by the plaintiff himself. It was correct under the facts in the case. There was evidence in this case tending to show that defendant, in compliance with the terms of the contract and the directions of plaintiff, had constructed the boat for plaintiff, and was ready and willing to deliver it to him upon payment therefor in accordance with the terms of the contract, and that plaintiff refused and still refuses to accept it or to make payment therefor. If the jury found these facts to be true, of which there was evidence before them, the court correctly told the jury by this instruction that plaintiff was not only not entitled to recover of defendant the amount paid by him on account of the contract price of the boat but that defendant was entitled to recover of plaintiff the differences between the contract price and the amounts received by it from plaintiff.

Plaintiff's own instructions tacitly admitted that the boat had been completed according to contract, plaintiff contending he was not liable for the balance of the contract price and was entitled to recover back what he had paid, not because the boat had not been completed, but because the boat had not been completed within a reasonable time. In the argument

presented to us by the learned counsel for appellant, plaintiff below, those gentlemen say in so many words: "In the case at bar, however, the contract was not repudiated until *after* the article was manufactured, though whether the boat was ever perfectly finished and ready for delivery as per contract, is not clear. At any rate a boat of some kind was actually built, so the measure of damages must be the difference between the market value, or, if there was no market value, then the actual value, and the contract price." This conclusion drawn by counsel, as we have seen, is not the law under the premises which these learned gentlemen have themselves made, for the law is, as stated by Judge GOODE, that if the contract was not repudiated until after the article was manufactured (and counsel in their printed argument have underscored the word "after") then the seller has a right to recover the difference between the contract price and the amount paid. This statement of counsel practically admits that the boat or a boat was completed ready for delivery before any repudiation of the contract on the part of plaintiff.

Counsel for appellant cite us to two cases which they claim to be the latest controlling authority in our state on the matter of the measure of damages; one that of Brown v. Trinidad Asphalt Mfg. Co., 210 Mo. 260, 109 S. W. 22; the other that of Moran Bolt & Nut Mfg. Co., v. St. Louis Car Co., 210 Mo. 715, 109 S. W. 47. Nothing in the decision in either of these cases is contrary to the instruction given by the court at the instance of defendant in this case. In both cases plaintiffs chose to resort to the third remedy referred to by Judge GOODE in Range Co. v. Mercantile Co., supra; that is, chose to treat the sale as ended by the buyer's default, and the property still remaining in the seller, to sue for the actual loss sustained. In such case, the measure of damage is the difference between the agreed price and the market price. The decision in Range Co. v. Mer-

cantile Co., supra, is specifically approved at page 737 in the Moran case.

The facts in the case at bar are in some respects very much like those in Frederick v. Willoughby, 136 Mo. App. 244, 116 S. W. 1109. There Judge JOHNSON, speaking for the Kansas City Court of Appeals, referring to a letter from the defendant to the plaintiff, said that it expressed a courteous but unconditional and unequivocal determination not to receive the article being manufactured for him by plaintiff under contract between them, and that this letter and refusal to receive constituted a breach of the contract. So was the letter of December 26th from plaintiff to this defendant. Continuing, Judge JOHNSON says (l. c. 245): "If the defendant, as the evidence of plaintiff tends to show, subsequently withdrew the countermand with the consent of plaintiff and plaintiff then shipped the refrigerator in accordance with the terms of the contract, this suit was properly brought and plaintiff should recover judgment for the stipulated purchase price." There was evidence in the case at bar that this plaintiff had by his acts withdrawn the refusal. Furthermore, while in the case at bar the boat was not shipped, there is evidence, as we have before noted, tending to show that defendant stood ready to ship it when notified by plaintiff that he was ready to receive it. Defendant pleads this, in effect pleading that it holds the boat for plaintiff. This was all that defendant could do or was bound to do. [Black River Lumber Co. v. Warner, supra.] Citing Catalogue Co. v. Car Co., 120 Mo. App. 575, 97 S. W. 231, and Cole v. Armour, 154 Mo. 333, 55 S. W. 476, in support, it is decided by the Kansas City Court of Appeals, in line with what we hold to be the correct rule, that in an action to recover the contract price, neither evidence of the amount expended in part performance of the contract nor evidence of the profit plaintiff would have made on a full performance, would have been admissible or recoverable in this suit as brought.

Yet that is what the learned counsel of appellant contend for in this case. This case as presented by both parties at the trial involved the single question of who had broken the contract. If it was broken by defendant, then plaintiff should have recovered both on his case as made by his petition and as against defendant on the counterclaim; if defendant had fully performed, it was entitled to recover on its counterclaim the difference between the contract price and the amount paid, and to defeat plaintiff on his demand. These were the issues, and they were properly presented to the jury by the instructions given and the jury had evidence before them to sustain the verdict. The learned counsel for appellant insist before us that a demurrer would properly have lain to the counterclaim and to the evidence thereunder, and that the point can now be raised in this court that the counterclaim presents no cause of action. It is true that the objection that the petition, or here a counterclaim, does not state a cause of action, can be raised in the appellate court, even if not made in the trial court. The trouble with the contention now here made, however, is that these learned counsel attempt to set up the theory on which they think the defendant should have based its counterclaim, when in point of fact the choice of remedy is with the seller. Defendant did not elect to adopt the theory now urged by counsel for plaintiff, but elected to treat the contract as fully performed on its part, and acknowledging ownership of the property to be in plaintiff and that it stood ready to deliver it to plaintiff according to contract, defendant has elected to sue for the full contract price less payments made. It was entirely within its right to do this.

Counsel for respondent attack the abstract for various assigned errors, three of their six points, nine out of twenty-nine pages of argument, being devoted to this.

We find no reversible error in the proceedings or fatal errors in the abstract, and prefer now, as always, if possible, to determine the appeal on the merits of the case. That was the purpose of the adoption of Rule 33 of the court, with which counsel for respondent have in no manner complied.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.