## JOHN DEHNER, Respondent, v. JOHN W. MILLER, Appellant.

St. Louis Court of Appeals. Submitted on Briefs May 6, 1912. Opinion Filed June 4, 1912. Opinion on Motion for Rehearing Filed July 2, 1912.

1. SALES: Refusal of Buyer to Accept: Remedies of Seller: Action for Contract Price. Where, in pursuance of a contract of sale, the seller completes the article contracted for and tenders it to the buyer, and the buyer refuses to accept it and pay the agreed price, the seller may treat it as belonging to the buyer, hold it subject to his order, and recover the agreed price.

2. ———: ———: ———: ———: Sufficiency of Evidence. In an action for the contract price of baled straw, which the buyer refused to receive and which was held by the seller subject to the buyer's order, *held* that a verdict in favor of the seller was sustained by substantial testimony.

3. ———: ———: ———: ———: Instructions. Defendant agreed to pay plaintiff a certain price for a certain quantity of straw which the latter was to bale for him, if delivered at a certain point, and another price if delivered at another point. After receiving part of the straw, defendant refused to receive and pay for the balance. In an action for the purchase price, brought on the theory that plaintiff was holding for defendant the straw he had refused to receive, the court charged the jury, at the instance of plaintiff, that if they found that there was a contract of sale, that it had been performed by plaintiff, that the straw had been tendered to and refused by defendant, and that plaintiff was ready, willing and able to deliver it, they should allow plaintiff such sum per ton for such number of tons as defendant had agreed to buy and pay for, less the number of tons he had received and paid for. In another instruction, given at the instance of plaintiff, the court charged,

that if the jury found that defendant had purchased the straw and had received and paid for part of it, but had refused to receive the balance, and that plaintiff had the straw piled at a point from which he could have removed it to the places he had agreed to deliver it, the jury should find for plaintiff, but they should deduct from the amount they found, the cost of hauling the straw to the delivery points. *Held*, that there was no conflict between the instructions, and that the first instruction construed with the second, as it should be, was not erroneous; the amount of the recovery being within the limitations of the latter.

4. **INSTRUCTIONS: Construction: Entire Charge Considered.** In determining whether or not an instruction is correct, it should be read in connection with the other instructions given.

5. **SALES: Refusal of Buyer to Accept: Action for Contract Price: Measure of Damages.** Where, in pursuance of a contract of sale, the seller completes the article contracted for and tenders it to the buyer who refuses to accept it and pay the agreed price, and the seller holds the article for him and sues him for such price, the seller is entitled to recover, without proof that he has sustained actual damages, and the measure of damages is the contract price and not the difference between the contract price and the market value.

6. **TRIAL PRACTICE: Objection to Evidence: Time for Objection.** An objection to a question propounded to a witness which is not made until after the answer is given is properly overruled.

7. **SALES: Refusal of Buyer to Accept: Action for Contract Price: Evidence.** In an action for the contract price of baled straw, which the buyer refused to receive, an affirmative answer to a question propounded to the seller as to whether his wife had told him what the buyer had told her to tell him, nothing further being shown, was not vulnerable to the objection that it was erroneous as tending to show the making of another contract.

**On Motion for Rehearing.**

8. ——: ——: ——: **Sufficiency of Evidence.** Where in pursuance of a contract of sale, the seller completed the article contracted for and tendered it to the buyer, who refused to accept it and pay the agreed price, and the seller, holding the article subject to his order, sued him for such price, an affirmative answer to a question propounded the seller, "Did you hold it for him?" was sufficient to establish that plaintiff held the article subject to the order of defendant, although the question, as put, was not in the present tense, under the rule that when a state of facts is once shown to exist, it is presumed to continue until the contrary is shown.

Dehner v. Miller.

9. **EVIDENCE: Presumption: Continuance of Status Quo.** When a state of facts is once shown to exist, it is presumed to continue until the contrary is shown.

10. **SALES: Refusal of Buyer to Accept: Action for Contract Price: Instructions.** In an action for the contract price of baled straw, which the buyer refused to receive and which was held by the seller subject to the buyer's order, the court charged the jury, in an instruction given at the insance of plaintiff, that, in order to find for plaintiff, they must find, among other things, "that plaintiff had the straw baled and was ready, willing and able to deliver it to defendant." *Held,* that if this instruction was not definite enough to meet defendant's theory concerning plaintiff's duty to hold the straw, he should have asked an instruction covering it.

11. ——: ——: ——: **Not Necessary to Show Condition of Property.** In an action for the contract price of baled straw, which the buyer refused to receive and which was held by the seller subject to the buyer's order, it was not necessary for plaintiff to prove that he had protected defendant's interests by making a timely sale of the straw or by safely storing it, since, under the theory upon which the action was brought, it was not plaintiff's duty to sell and look to defendant for the loss, but he held the hay for defendant, and if, when payment is made, the hay is not produced in good condition, his liability as bailee may arise in another action.

**NORTONI, J., dissents.**

Appeal from Lewis Circuit Court.—*Hon. C. D. Stewart,* Judge.

AFFIRMED.

*Hilbert & Hilbert* and *A. F. Haney* for appellant.

(1) Plaintiff's instruction No. 1 prescribes an erroneous measure of damages for this case, to-wit: the entire agreed price of the straw which defendant refused to accept. Defendant's refused instruction No. 7 states the correct measure of damages for cases of the character of this one. As a general rule, in actions by the vendor against the vendee, for the non-acceptance of property sold or contracted for, the measure of damages is the difference between the price

agreed upon and the market value of the property at the time and place of the delivery. Brown v. Mfg. Co., 210 Mo. 260; Lumber Co. v. Warner, 93 Mo. 374; Rickey v. Tenbroeck, 63 Mo. 563; Bank v. Ragsdale, 171 Mo. 168; Parlin & Orendorff Co. v. Boatmen, 84 Mo. App. 67; Halliday & Co. v. Lesh, 85 Mo. App. 285. The two special rules for measure of damages, which are exceptions to the above general rule, are as follows: (a) The vendor, if he has the property ready for delivery, may treat the property as belonging to the vendee, and, holding it subject to the vendee's order, may bring suit for the full purchase price, such proceeding being substantially a suit for specific performance; and (b) The vendor, if he has the property ready for delivery, may treat the property as belonging to the vendee, sell it for the vendee's account, and recover the difference between the proceeds of the sale and the agreed price. Range Co. v. Mercantile Co., 120 Mo. App. 438; Campbell v. Woods, 122 Mo. App. 719; Lumber Co. v. Lumber Co., 51 Mo. App. 555; Vinegar & Spice Co. v. Wehrs, 59 Mo. App. 493; Lumber Co. v. Warner, 93 Mo. 374. (2) To the extent that the straw was perishable property, it was plaintiff's duty (if he was holding it as defendant's property) to protect defendant's property therein by a timely sale or a safe storage; and upon his failure to do this, he is not entitled to recover the agreed price of the straw. Dobbins v. Edmunds, 18 Mo. App. 307; Wall v. Cold Storage Co., 112 Mo. App. 659. (3) Intruction No. 6 asked by defendant should have been given because there was no proof of the market value of the straw. Instruction No. 5 asked by defendant should have been given restricting the plaintiff to nominal damages. Upon failure to prove the market value of the straw, plaintiff is not entitled to recover more than nominal damages, unless he shows that there was no market value. Brown v. Mfg. Co., 210 Mo. 260. (4) Plaintiff's instruction No. 1 is errone-

ous also because it does not permit the jury to deduct from the straw defendant is charged with the three tons of it plaintiff sold to other parties; nor does it permit the jury to deduct from the agreed price of the straw the expense that would have been incurred in hauling it to the place of delivery. (5) The cause of action alleged in the petition is not supported by the evidence. The verdict is not supported by the pleadings and the evidence. (a) The cause of action stated in the petition is based upon only one contract therein set out. Plaintiff in his evidence depends upon two separate and distinct contracts made at different times and pertaining to different subject-matters, in order to establish his cause of action. (b) The contract pleaded is an executed contract of sale of a designated lot of straw; the second of the two contracts relied on in the evidence is an executory agreement for the future purchase of whatever straw plaintiff might be able to procure in the local market.

*O. C. Clay* for respondent.

Appellant insists that respondent's instruction numbered one is wrong because it directs the jury that if they should find for the plaintiff they must "allow him such sum per ton for such number of tons as the defendant had agreed to buy and pay for less the fifty tons he did receive and pay for." He follows this by saying that instruction number seven asked by defendant should have been given because it presents the only proper and correct measure of damages to cases of this kind, to-wit: That the proper rule of damages is the difference between the contract price and the current price at the time and place of delivery as fixed by the contract of sale and purchase." In these statements and assertions he entirely ignores instruction number 2 as declared by the court in this case and also the law as declared in this state by both

the Supreme Court and the court of appeals of this state, wherein and whereby as respondent has shown in his behalf that, in such case as the one at bar, the vendor has the choice of three remedies for damages, when he, the appellant, violates his contract, and refuses to accept and receive the goods or part of them when tendered or offered to him, to-wit: Ingram v. Matthein, 3 Mo. 211; Pond v. Weyman, 15 Mo. 181; Dobbins v. Edmonds, 18 Mo. App. 307; Walker v. Nixon, 65 Mo. 326; Steinberg v. Gebhardt, 41 Mo. 520; Vinegar & Spice Co. v. Wehrs, 59 Mo. App. 493; Stumpf v. Mueller, 17 Mo. App. 283; Anderson v. Frank, 45 Mo. App. 482; Lumber Co. v. Lumber Co., 51 Mo. App. 555; Peck & Co. v. Corrugating Co., 96 Mo. App. 212; Campbell v. Woods, 122 Mo. App. 719; Range Co. v. Mercantile Co., 120 Mo. App. 432; Koenig v. Truscott Boat Co., 155 Mo. App. 685; Riley v. Stevenson, 118 Mo. App. 187.

REYNOLDS, P. J.—This action was commenced before a justice of the peace in Lewis county and a statement in the form of a petition there filed by plaintiff, setting out that on a day named defendant contracted and agreed to purchase from plaintiff and did purchase from him a lot of wheat and oat straw, to be baled by plaintiff and delivered by him to defendant at the town of Canton, at the price of three dollars and twenty-five cents per ton if delivered on the banks of the Mississippi river, or three dollars and fifty cents per ton if delivered in cars or on barges on the bank of the river. Plaintiff avers that under this agreement he baled 118 tons and 765 pounds, of which he delivered about fifty tons to defendant which defendant received and paid for; that he had baled the remainder, consisting of sixty-eight tons and 765 pounds, and was ready to be delivered to defendant but defendant, after putting him off from time to time, finally refused to ac-

cept it, although plaintiff has at all times been ready and willing to deliver the same at the price agreed upon. Wherefore he claims defendant is indebted to him for the contract price $205.12½, for which he asks judgment with interest and costs.

It appears that defendant recovered before the justice whereupon plaintiff appealed to the circuit court, where on a trial anew before the court and a jury, the jury returned a verdict for plaintiff in the sum of $187.91. From this, filing a motion for new trial and one in arrest, and saving exceptions to these motions being overruled, defendant has duly perfected his appeal to this court.

There are six errors assigned here by appellant. First, to error in overruling the motion for new trial. Second, to error in giving instruction No. 1 asked by plaintiff. Third, fourth and fifth, to error of the court in refusing three instructions asked by defendant, and sixth to the error of the court in admitting improper evidence over the objections of defendant.

It will be observed by the statement or petition that plaintiff, claiming to have made a sale and tendered the articles sold and averring the refusal of defendant to accept a large part of these articles, that is baled straw, claims that defendant is liable to him for the contract price. That is to say, plaintiff, averring performance of the contract and completion and tender of the articles contracted for and failure to receive and pay for these, has elected one of the three remedies to which the vendor is entitled on a breach of a contract of sale of personal goods. That he had a right to do this is clear. The decisions sustaining that right have so recently been fully gone over by this court in Koenig v. Truscott Boat Mfg. Co., 155 Mo. App. 685, 135 S. W. 514, that it is unnecessary to go into a discussion of the proposition. Plaintiff in this case, respondent here, as did the defendant and respondent in Koenig v. Truscott Boat Mfg. Co., supra,

has elected to sue for the contract price. He was entitled to recover that provided the evidence showed the contract, performance by plaintiff and refusal by defendant to pay the price. We have read all the evidence as abstracted by counsel for both sides and have no hestitation in saying that the verdict arrived at by the jury is sustained by substantial testimony.

The amount of recovery is within the second instruction given by the court at the instance of plaintiff and which learned counsel for appellant have apparently overlooked. By the first instruction which the court gave at the instance of plaintiff, after advising the jury that it was necessary to find the contract and its performance by plaintiff and refusal to accept the straw by defendant, and that plaintiff was ready, willing and able to deliver the straw, the court told the jury that if they found for plaintiff they should allow such sum per ton for such number of tons as defendant had agreed to buy and pay for, less the number of tons he had received and paid for, if the jury found and believed that plaintiff had the straw baled and was ready, willing and able to deliver to defendant at the place specified. The second instruction told the jury that if they should find from the greater weight of evidence that defendant purchased the straw and received and paid for part of it and thereafter put the plaintiff off from time to time in regard to receiving the balance of the straw and finally refused to receive it, in that event they would find for plaintiff, provided they also found that plaintiff had the straw baled and had it at such point that he could have delivered it and that he was ready, willing and able to deliver it on the bank of the Mississippi river or in cars or barges to be furnished by defendant at Canton and was prevented from doing so by defendant refusing to receive and accept it. The court further proceeded in this same instruction to tell the jury that if they found "that the plaintiff

had the straw baled and piled at a point from which he could have removed it to the Mississippi river or put it on cars or barges to be furnished by the defendant and the defendant failed to furnish said cars or barges and refused to receive and accept the balance of said straw, then in that event the jury must find for the plaintiff but they should deduct from the amount they should so find, the cost of hauling the straw from such point to the bank of the Mississippi river or to the cars or barges at Canton.'' This was as much as defendant was entitled to in the way of credit or deduction from the purchase price, and the amount of the verdict shows that the jury followed this. Construing the first and second instructions together, as must always be done, and there being no contradiction or conflict between them, we find no error as assigned by the counsel for defendant in the matter of the first instruction, none being assigned to the second.

The three instructions asked by appellant and refused by the court were properly refused for the same reason assigned by us in Koenig v. Truscoot Boat Mfg. Co., supra, for refusing like instructions there asked. Defendant attempted by these instructions to force the plaintiff to an election of the remedy which he had not chosen to follow. The first and second of these instructions, numbered 5 and 6, were based on the theory that plaintiff was entitled to merely nominal damages as he had not introduced any proof of actual damage sustained. That was not the theory upon which this case was prosecuted by plaintiff. The third instruction, numbered 7, attempted to place the rule of the measure of damage at the difference between the contract price and the market value. This was properly refused for the same reason.

The only evidence that can be said to come under the sixth assignment of error as having been evidence improperly admitted over the objections of

defendant is this: "Q. Did your wife tell you what Mr. Miller told her to tell you in his absence? A. Yes, sir." This answer having been given counsel for defendant said: "We object and ask that that be stricken from the record because not competent evidence in the case." This was overruled and defendant excepted. That was the end of the matter, no evidence as to any new contract following. The objection was properly overruled for the very sufficient reason that it was not made until after the answer had been given. Furthermore, waiving that, we are unable to see how this question and answer tended to show the making of two contracts, yet that is the contention of counsel and the objection to this question now made. It is to be said as to this contention and the point involved in it, that no such objection and no such point were made at the trial of the cause. With the single objection and motion above noted, all of the testimony in the case was introduced and received without any objection whatever on the part of defendant. Over and above that we are warranted in saying that a reading of the testimony as abstracted by counsel fails to show two contracts, so that in no view of the case is this assignment or this point tenable. It follows from this that the first assignment of error in overruling defendant's motion for a new trial is untenable.

The judgment of the circuit court is affirmed. *Caulfield J.,* concurs. *Nortoni, J.,* dissents.

## ON MOTION FOR REHEARING.

REYNOLDS, P. J.—A motion for rehearing, supported by a very elaborate brief and argument, has been filed by the learned counsel for appellant. There are two points of complaint in this motion. First, that we had entirely overlooked the point made by

those counsel, that plaintiff is not entitled to the recovery of the alleged contract price of the straw which plaintiff claims, because, it is alleged, there is no evidence tending to show that after defendant's alleged refusal to take the straw, plaintiff treated it as belonging to defendant and continued to hold it subject to defendant's order and was so holding it at the time the suit was brought to recover the purchase price thereof; that on the contrary plaintiff had himself twice testified that he sold three tons of this straw to parties in Canton and appropriated the proceeds thereof to his own use.

The second ground for rehearing is that it being plaintiff's duty, if he was holding the straw as defendant's property, to the extent that the straw was perishable property, to protect defendant therein by a timely sale or safe storage, it is argued that there is no evidence showing that he had done either of these.

We did not overlook any of counsel's points but did not specifically discuss them, for our decision necessarily disposed of them.

We have examined the abstract of the record in this case very carefully, particularly the counter-abstract furnished by counsel for respondent, which is much fuller than that of appellant, and find that plaintiff distinctly testified that defendant refused to take the straw. He was then asked this question: "Did you hold it for him?" He answered, "Yes." There was no contradiction of this testimony whatever. The court, as we stated in our opinion, in its instruction to the jury, distinctly said that to entitle plaintiff to recover they must find from the greater weight of evidence in the case "that plaintiff had the straw baled and was ready, willing and able to deliver it to the defendant on the banks of the Mississippi river or on cars or barges on the Mississippi river at Canton." This was in the

first instruction given at the instance of plaintiff. There was evidence to support this in the uncontradicted testimony of the plaintiff. It is true that the answer to the question which we have given is not in the present tense, but it was sufficient prima facie, on the well known rule that when a state of things is once shown to exist, it is presumed to continue until the contrary is shown. It was very easy in this case for defendant, if his defense was that plaintiff did not have, at the time of the trial, the straw ready to deliver to defendant, to have asked as to that. If this instruction was not definite enough to meet the theory of defendant on the duty to hold the straw for defendant, he should have asked one himself covering it. He did ask many, four of which were given, three refused; none of them touched this.

Another point made in connection with this first proposition is that it appears plaintiff had sold part of this straw and hence could not deliver all. We do not so understand the testimony of plaintiff. Reading all of the testimony over as furnished in the abstracts of both parties, we think it clear that the bales of straw which plaintiff admitted he had sold did not come from the straw he had sold defendant.

So far as concerns the second proposition, that it was plaintiff's duty, if holding the straw as the property of defendant, by a timely sale or safe storage, to have protected defendant, and that there is no evidence that he did either, it is sufficient to say that we do not think it was the duty of plaintiff to sell and look to defendant for any loss; he is not proceeding on that theory. As we understand the law, the bales in the hands of plaintiff are held by him for defendant. If when defendant has made payment for the remaining bales and they are not produced in good condition, the question may arise as to whether plain-

tiff, as bailee, has taken proper care of the straw. That question is not present in this case.

The motion for rehearing is overruled. *Caulfield, J.,* concurs. *Nortoni, J.,* dissents.