DENNY, Appellant *vs.* KILE *et al.*, Respondents.

16 450
89a 144

1. Where A. contracts to do work under the control and direction of B., he is not responsible for want of skill, unless he fails to comply with B.'s directions.

2. A party can maintain no action on a contract which he procures by fraud.

3. By the terms of a contract sued on, the defendants were to deliver plaintiff broom corn cleaned and baled, ready for shipping, as fast as the same could be prepared by them; the plaintiff was to have the control and direction of the whole work. *Held,* evidence of defects in machinery furnished by plaintiff to defendants, which occasioned delay, is competent evidence for defendants, in an action for a breach of the contract.

4. A plaintiff cannot recover for the breach of a stipulation in a contract, unless he has performed all the acts on his part, which were conditions precedent, and is ready to perform those which were to be performed concurrently with the act of the defendant.

## *Appeal from Saline Circuit Court.*

*Hayden*, for appellant.

The Circuit Court erred in permitting the defendants to give to the jury irrelevant and illegal testimony, particularly with reference to the unfitness and defects of the horse power furnished them by the plaintiff. 1 Saund. 320, note 4, and other notes therein referred to. 2 Bailey's Rep. 82-4, *Rice* v. *Sims and Worthy.* *Campbell* v. *Jones*, 6 T. R. 573. 1 H. Black. 273. Doug. Rep. 471. 3 Penn. Rep. *Shaw* v. *Turnpike Co.* p. 445. 2 Penn. Rep. 461. Story on Contracts.

*Leonard*, for respondent.

1. If the contract was obtained from the defendants by fraud, it was void. 2. The obligation of the defendants to cultivate the land, and deliver the plaintiff its produce, was not an independent covenant, but dependent on the fulfillment by the plaintiff of his obligation to furnish seed corn, planter, baling press, cylinders, and money.

3. By the express terms of the contract, it was to be performed under the direction and control of the plaintiff, and, therefore, the defendants were only bound to do the work as directed, provided the instructions were reasonable, and, in the absence of directions, if bound to act at all, they were only bound for the exertion of such skill in the business as they possessed, and not for such skill and work as, in reference to the crop, would be considered reasonable skill or farmerlike work. 4. Even if the plaintiff was under no obligation to

furnish a horse power, to be used in driving the machinery, yet, as the work was to be done according to his directions, and he did furnish this power to be used in that way, the defendants were at liberty to show that it was unfit for the purpose, and occasioned delay in the completion of the work, in answer to plaintiff's allegation that the work was not well done, nor completed within the time prescribed by the contract.

5. No instruction was given or refused as to the plaintiff's right of recovery independent of the special contract, and, as the evidence is not preserved, the plaintiff's right to recover on the common counts cannot appear.

GAMBLE, Judge, delivered the opinion of the court.

This was an action of assumpsit by Denny, the appellant, against G. and J. Kile, in the Saline Circuit Court, upon a written agreement, and was tried on pleas of non assumpsit and set off, at the last November term, when the defendants had a verdict and judgment.

By the agreement, the defendants were to cultivate, on their own, and their father's farms, one hundred and fifty acres, in broom corn, and deliver the brush, cleaned and baled, ready for shipment, to the plaintiff, at the defendants' drying house, as fast as it could be prepared—all to be delivered before the 20th of September, 1845 ; and the whole process, from the preparation of the ground to receive the seed, to the baling for shipment, to be "under the direction and control" of Denny, who was also to procure seed corn and a machine to plant it, and either to get a baling press, or a model by which to construct one, and cylinders for cleaning the brush.   Denny was to pay the defendants for the brush, fifteen hundred dollars, as follows : before the time of harvesting, as much money, not exceeding five hundred dollars, as would be necessary to prepare for harvesting and saving the brush ; at the time of harvesting, as much as would be necessary for saving and preparing the brush for shipment, and the balance on the delivery of the whole produce of the land.   Denny

was not to pay for ground on which the crop might be destroyed by an overflow of the river—the whole risk from an overflow of the river resting on the defendants; and if the river should not leave ground enough to refund what Denny should advance, he was to receive this excess the next year in broom corn, at the same rate, and was to have a lien on the houses and machinery, put up to complete the contract, for the money advanced.

The bill of exceptions does not preserve the evidence, but declares that the plaintiff gave evidence conducing to establish the agreement sued on; that the plaintiff complied with his part of it by furnishing the seed planter, baling press, and cylinders, and the money he was required to advance, and that the defendants had failed to comply with their part of the contract by cultivating the required quantity of land, or doing the work in a farmerlike manner, or according to the plaintiff's instructions; and that there were about thirteen bales of brush, the produce of the land, at the defendants' drying house, which they refused to deliver to the plaintiff when demanded. The record shows that the defendants gave evidence conducing to prove the reverse of the facts set up by the plaintiff: that the agreement was obtained from them by fraud; that the defendants were farmers, and unacquainted with the cultivation or preparation of broom corn for market, and that the plaintiff was skilled in the business; that the plaintiff made to the defendants false and fraudulent representations, during the treaty for the contract, as to the number of hands necessary for the work, and the capacity of the drying house to dry out the brush; that the plaintiff failed to instruct them as to the proper mode of doing the work; that the baling press and cylinders were badly constructed, always getting out of repair, and unfit for the purpose for which they were intended; that the plaintiff furnished, with the press and cylinders, a horse power to drive the machinery, and that this horse power was badly constructed—generally out of repair, and unfit for the work; that the defendants had built

their drying house according to the plaintiff's instruction ; that it was badly constructed, and afterwards, during the season, was burned down, with the brush in it ; and that the plaintiff took the control and management of the whole business. Upon the trial, the plaintiff objected to the proof in relation to the horse power, which was overruled, and the evidence received.

1. It is apparent from the statement of the case, that Denny was to exercise a direction and control over all the acts of the defendants Kile, in the whole process of cultivating the broom corn, and harvesting and preparing the crop for market. The want of skill, if any appeared in the management of the crop by the defendants, was not a ground of complaint on the part of plaintiff, unless there was a failure to comply with his directions.

2. It is stated in the record that evidence was given of fraud practised by Denny, in procuring the contract from the defendants. This evidence rendered it necessary that the plaintiff, in every instruction he asked, which asserted his right to recover upon the special contract, should require the jury to find the contract to have been obtained in good faith. If it was procured by fraud, he could maintain no action upon it, whatever might be his right to recover the money received by the defendants.

3. As the plaintiff had the control and direction of the whole work, when he furnished to defendants machinery, such as that called the " horse power," to be employed in the preparation of the crop for market, delays in the work, occasioned by defects in that machinery, were delays occasioned by him, or to which he must be understood to have assented, and it was competent for the defendants to give evidence of such defects, as in several counts in the declaration they are charged with the breach of contract " that they did not deliver the corn cleaned and baled, ready for shipping, as fast as the same could have been prepared by them."

4. The contract between the parties contains various stipulations on each side, some on the part of the plaintiff, which

are conditions precedent to others made by defendants, some on either side which are mutual and dependent. An instruction asked by plaintiff, which asserted his right to recover upon any stipulation on the part of defendants, could not properly be given, unless it required the jury to be first satisfied of the performance by the plaintiff of all acts which, by the contract, were conditions precedent to the obligation of the defendants, or his readiness to perform those which were to be performed concurrently with the act of defendants.

It is believed that the principles here stated cover all the points raised upon the instructions asked by the plaintiff which were refused by the court. Those given at the instance of defendants are free from objection. It has been urged that, as there are common counts in the declaration, the plaintiff was entitled to recover upon them, although he may not have shown sufficient to recover on the special counts. An examination of the instructions of plaintiff, which were refused by the court, will satisfy any mind that they are directed to the special counts alone, and that, those counts being before the jury, the instructions were properly refused. The cause of action and the measure of recovery, under the special counts, were different from those under the common counts. No instruction asked and given for the defendants concluded the right of plaintiff to recover on the common counts.

It has not been thought necessary to examine separately the twenty-six instructions upon which the Circuit Court acted. Such examination could only be profitable if the case were again to be tried, or if the questions arising upon them were of general interest.

The judgment of the Circuit Court will be affirmed.