SOUTHERN LUMBER COMPANY, Appellant, v. MER-CANTILE LUMBER AND SUPPLY COMPANY, Respondent.

**Kansas City Court of Appeals, May 6, 1901.**

1. **Sales:** NON-PERFORMANCE: INSOLVENCY. Where parties have entered into a contract, a doubt by one of the solvency of the other will not justify a non-performance.

2. ———: CONDITION PRECEDENT: ACTS CONCURRENT. Before a plaintiff can recover for the breach of a contract of a sale, he must show a performance of all conditions precedent or acts concurrent.

3. ———: DELIVERY: ACCEPTANCE: PAYMENT. A contract of sale is construed with the evidence, and it is held that the contract bound the plaintiff to ship the lumber sold directly to the defendant; and it is further held, until he did so, he could not complain of the defendant's refusal to accept the lumber and pay the contract price.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry,* Judge.

AFFIRMED.

*Joseph A. Guthrie* for appellant.

Submitted an argument.

*Johnson & Lucas* for respondent.

(1)   Before the appellant can recover it must show that it has complied with its contract, and until this is done no recovery can be had thereon; "Parties are bound by their contracts and can not, after committing a breach justifying an abrogation of the contract, either recover damages for such breach, or enforce the contract." Sick v. Ins. Co., 79 Mo. App. 612; Billup v. Daggs, 38 Mo. App. 369.   (2)   Doubt as to solvency will not justify a breach of contract, or excuse non-performance.   Hobbe v. Bush Co., 157 Mass. 109.   (3) No recovery can be had for breach without proving performance of all acts on the part of the appellant that are conditions precedent or acts concurrent.   Denny v. Kile, 16 Mo. 450; Turner v. Mellier, 59 Mo. 526; Doyle v. Turpin, 57 Mo. App. 84; Larimore v. Tyler, 88 Mo. 661.

SMITH, P. J.—This is an action which was brought before a justice of the peace on a contract to recover damages for a breach thereof.   In the circuit court, where the cause went by appeal, a demurrer to the plaintiff's evidence being sustained, it took a non-suit, and after an unsuccessful motion to set the same aside, prosecuted this appeal.

The plaintiff and defendant are both business corporations, the former a lumber manufacturer at Shreveport, Louisiana and the latter a lumber merchant at Kansas City.   These two corporations, by certain written correspondence carried on between them, entered into a contract for the sale and delivery of "50,000 ft. 37-32x6-16 clear yellow pine flooring, free of

sap, price $14.50 per M., f. o. b. Kansas City." By the terms of the contract the defendant was to discount the order for 50,000 feet—three cars—eighty per cent on the basis of $10 per thousand feet, either by cash less two per cent on receipt of invoice and bill of lading, or to settle in full as soon as cars arrived. Something like a month after the contract was so entered into, the plaintiff shipped two car loads of lumber to themselves at Kansas City and drew a sight draft on defendant for the eighty per cent on the basis of $10 per thousand, accompanying the same with an invoice and an order on the railway company to deliver said cars to the defendant, which draft, invoice and order were sent to a bank at Kansas City and by the bank presented to defendant who declined to honor the same. The defendant thereupon wrote to the plaintiff calling its attention to the fact that under the contract it was to ship the cars to it (defendant) and to send direct to it the invoice and bill of lading, and that unless this requirement was complied with the cars could not be accepted. The plaintiff on the return of the draft unpaid, drew a draft on defendant in favor of a Kansas City bank, attaching thereto the bill of lading for the cars and also the invoice, which in due time were by the bank presented to the defendant, but which the defendant refused to accept. The plaintiffs thereupon sold the lumber to another for $152.88 less than the contract price to the defendant, and to recover this loss the action now here was brought.

It seems from the correspondence between these litigants that the plaintiff doubted the solvency of the defendant and was therefore unwilling to ship directly to it the cars of lumber, or to send directly to it the bill of lading, lest it should get possession of the shipment and then not promptly remit the contract price therefor; while the defendant was unwilling to pay even eighty per cent on the contract price before it got pos-

session of the cars so that it could subject the contents to examination and in that way determine whether the same fulfilled the contract specifications. It is not and can not be disputed that the law is that, where a contract has been entered into between two parties, a doubt by the one of the solvency of the other will not justify a breach or non-performance thereof by the one doubting. Hobbe v. Bush Co., 157 Mass. 109. And if the contract here in issue and on trial required the plaintiff to ship the lumber directly to the defendant, and to send also directly to it the invoice and bill of lading for such shipments, then the mere fact that the former was in doubt as to the solvency of the latter afforded no justification or excuse for the action of the latter in departing from the requirements of the contract by shipping the lumber to itself and refusing to send the bill of lading directly to defendant.

Nor is it disputed that, before there can be a recovery by the plaintiff for a breach of the contract, it is incumbent upon it to prove performance of all the conditions precedent or acts concurrent. Denny v. Kile, 16 Mo. 450; Turner v. Mellier, 59 Mo. 526; Larimore v. Tyler, 88 Mo. 661; Doyle v. Turpin, 57 Mo. App. 84. As we read the contract disclosed by the correspondence between the parties, the plaintiff bound itself to ship the lumber to defendant and to send to it directly the bill of lading and invoice, and this the undisputed evidence shows it did not do.

The plaintiff had no right under the contract to make the shipment to itself, draw a draft on defendant for eighty per cent of the contract price, with the bill of lading attached, and to require the payment of such draft before delivering the lumber or the bill of lading therefor. The shipment of the lumber to defendant, the sending directly to it the invoice and bill of lading, were requirements of the contract in the nature of conditions precedent, and unless a performance of such acts,

Southern Lumber Co. v. Lumber and Supply Co.

or an offer to perform them, were shown, as was not the case, the plaintiff was in no position to complain of the defendant's refusal to accept the cars and pay the contract price therefor.

The plaintiff could not substitute a different kind of performance from that required by the contract without defendant's consent. It could not, without the concurrence of the defendant, make a new contract between them or rescind that previously made. It may have been that from plaintiff's point of view the substituted performance tendered by it was quite as beneficial to defendant as that required by the contract, yet the defendant was not bound to accept it but still had the right to exact the performance required by the contract.

As to the objection that the contract did not require the bill of lading and invoice to be sent directly to defendant, it is, we think, answered by the letter of defendant to the plaintiff in which the terms and conditions of the payment were fixed. This letter, when read in connection with the other correspondence, satisfies us that it was one of the terms of the contract that the bill of lading was to be sent directly to defendant, and that it would not be required to make payment of the contract price until after the shipment of the lumber to it and the receipt of the invoice and bill of lading directly from plaintiff. •

It follows that the circuit court did not err in allowing defendant's demurrer, and accordingly the judgment will be affirmed. All concur.