HUNTER BROTHERS MILLING COMPANY, Appellant, v. WYATT STANLEY, Respondent.

Kansas City Court of Appeals, June 8, 1908.

1. **SALES: Contract: Future Delivery: Inspection.** An executory contract for the future delivery at a definite place implies the right of inspection of the quantity and quality and then as contemporaneous acts there should be delivery and payment.

2. ———: **Future Delivery: Shipment: Shipper's Order.** A shipment directly to the vendee makes a delivery to the carrier delivery to the vendee, but when the shipment is to the consignor's own order there is no delivery and the property remains in the consignor.

3. ———: ———: ———: ———: **Case Stated.** A vendor agreed to deliver to the purchaser certain goods free on board cars at the purchaser's station.   He shipped the goods to his own order, and drew on the plaintiff for the purchase price.   *Held*, this deprived the purchaser of his important rights under executory contract of inspection before receiving and paying.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*Aleshire, Herrick & Gundlach* for appellants.

(1) The court instructed the jury on the wrong theory. Bass v. Walsh, 39 Mo. 192; Logan v. Carroll, 72 Mo. App. 615; Duers v. Stamping Co., 163 Mo. 607; Manser v. Botts, 80 Mo. 651; Mills v. Carthage, 31 Mo. App. 141; Anderson v. Frank, 45 Mo. App. 482; Nelson v. Hersh, 102 Mo. App. 498; McClelland v. Picher, 85 Mo. 636. (2) Facts controverted, either by the pleadings or the evidence, cannot be assumed, and this rule applies even where the testimony is uncontradicted. Seehorn v. Bank, 148 Mo. 256; Bower v. Bower, 97 Mo. App. 680; Dodd v. Guiseffi, 100 Mo. App. 311. The court should not in instructions to the jury take for granted facts in issue in the case. Gay v. Tielkemeyer, 64 Mo. App. 112; Matthews v. Railroad, 26 Mo. App. 75; Bass v. Walsh, 39 Mo. 192; O'Ber v. Carson's Ex., 62 Mo. 402; McMillan v. Schweitzer, 87 Mo. 402; Kalls v. Lime Co., 71 Mo. App. 108; Glass v. Blazer Bros., 91 Mo. App. 567.

*Karnes, New & Krauthoff* for respondent.

(1) Independent of any question arising out of the Statute of Frauds, the defendant was entitled, upon the whole case, to have the jury instructed to return a verdict in favor of the defendant. As the verdict of the jury was for the defendant, the judgment below should be affirmed in this court. Lumber Co. v. Lumber & Supply Co., 89 Mo. App. 141. (2) But under the Statute of Frauds invoked by defendant, the plaintiff has no standing in court. R. S. 1899, sec. 3419; Gatiss v. Cyr, 134 Mich. 233; 2 Am. and Eng. Ann. Cas., p. 544, and extensive notes.

ELLISON, J.—This action is for damages for breach of contract. The judgment in the trial court was for the defendant. The petition is founded upon a contract of sale of two hundred tons of cottonseed meal to be delivered to defendant free on board the cars at Ascot, Kansas, and in consideration of the sale and delivery to defendant of the meal defendant agreed to pay plaintiff at the rate of $23.25 per ton. The petition then alleges that in compliance with the contract plaintiff shipped the meal to defendant at Ascot, Kansas, where it arrived in due time, but that defendant would only receive one car load thereof, for which he paid, and plaintiff was obliged to resell the balance and reship to different points, whereby certain damages are alleged to have resulted.

The meal was shipped to Ascot, Kansas, but not to defendant. It was consigned by bills of lading to plaintiff's own order and drafts drawn by plaintiff on defendant were attached to the bills and forwarded to a bank at Anthony, where defendant resided. Defendant opened the first car without consent of the railway company and paid for the same before, as he states, he discovered it was short in weight. The railway company refused permission to open other cars.

In our opinion the judgment was necessarily for the defendant. Under the contract alleged in the petition he was entitled to a delivery to himself on the cars at Ascot. At the time of the contract the goods were not present. The sale was executory; there was to be a future delivery at a certain place. This implied a right of inspection of quality and quantity and then, as contemporaneous acts, there should be delivery and payment.

On a shipment directly to the consignee a delivery to the carrier is a delivery to the consignee; but that is not so when the shipment is to the consignor's own order. In the latter instance he does not part with

his property. In the former, he does, subject to his right of stoppage *in transitu*. By plaintiff's act in this case it was necessary to a delivery to defendant that he should have possession of the bills of lading endorsed by plaintiff, and this he could not get without first paying the drafts attached. By this means defendant was cut out of the most important rights of a vendee in an executory contract of sale. [Kentucky Refining Co. v. Globe Co., 104 Ky. 559; Thick v. Railroad, 137 Mich. 708.] Plaintiff has failed to show a performance of the contract as alleged by itself and cannot be allowed to recover. [Southern Lumber Co. v. Mercantile Co., 89 Mo. App. 141.]

The case stated by the petition considered in connection with the evidence shows that in no event can plaintiff recover in this action, and the judgment is affirmed. All concur.