D. F. BURGESS, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

**Springfield Court of Appeals, December 11, 1913.**

**REPLEVIN: Carriers of Goods: Bills of Lading: Draft Attached.**
A purchaser of goods cannot maintain replevin against a common carrier to obtain possession of such goods, where they were shipped subject to the consignor's order, with draft and bill of lading attached, before he honors the draft.

Appeal from Christian County Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. S. McPherson* and *Geo. D. Harris* for appellant.

Where the seller consigns a shipment to his own order, and draws upon the purchaser for the purchase price, attaching the bill of lading to the draft, and sends the latter to his agent for collection before delivery of the bill of lading, the *jus disponendi* remains in the seller until payment of the draft, and replevin

will not lie on behalf of the purchaser until such payment is made. Bergeman v. Railroad, 104 Mo. 77; Bank v. Milling Co., 163 Mo. App. 135; Milling Co. v. Stanley, 132 Mo. App. 308; Grain Co. v. Grain Co., 157 S. W. 840 (K. C. Ct. of App.); Strauss v. Hirsch, 63 Mo. App. 95; Dows v. Bank, 91 U. S. 618; Hopkins v. Cowen, 90 Md. 152; Refining Co. v. Refining Co., 104 Ky. ——, 42 L. R. A. 353, note; Flouring Mill Co. v. Ins. Co., 130 Fed. 860; Bank v. Crocker, 111 Mass. 163; Bank v. Bayley, 115 Mass. 228; Alderman v. Railroad, 115 Mass. 223.

No brief for respondent.

FARRINGTON, J.—This suit in replevin was instituted against the defendant in a justice's court, the plaintiff alleging that he was lawfully entitled to the possession of a box containing two pieces of plate glass and some copper all valued at one hundred dollars, and that defendant wrongfully detained the same. The plaintiff prevailed both in the justice's court and in the circuit court on trial anew without a jury.

There is much testimony in the record concerning a purchase of some plate glass and copper by plaintiff from the Hadley-Dean Glass Company of St. Louis, Mo., the same to be used in a building which plaintiff was erecting in the town of Ozark. It is sufficient here to merely state that part of the glass was broken when received at its destination and that plaintiff immediately notified the glass company, demanding that said company "make it good," which it refused to do because plaintiff had given the defendant railroad company a receipt showing that the order when received by him was in good shape. However, the glass company notified him, as the correspondence shows, that it would ship another order of glass and copper provided he would pay for same, and that it would assist him in getting a claim for damages allowed against the railroad company for the broken

glass. The evidence clearly shows without dispute that the glass company declined to ship the second consignment—which is the one involved in this replevin suit—unless the plaintiff would pay for it. Accordingly, the glass and copper were shipped, consigned to the glass company's order, and the bill of lading with draft attached was sent to a bank at Ozark. The plaintiff refused to pay the draft, which represented the price of the glass and copper, and proposed a compromise to the glass company. Before hearing from that company on his proposition, and on the same day that he made the proposition of compromise, he instituted this replevin suit against the defendant railroad company.

The sole question to be determined is, whether a purchaser of goods has a right to maintain replevin against a common carrier to obtain possession of the goods which were shipped subject to the consignor's order with draft and bill of lading attached before he honors the draft. The decisions of this State conclusively show that such suit cannot be maintained, and we therefore hold that plaintiff's action was entirely without merit. This ruling is sustained by the following cases: Bergeman v. Railway Co., 104 Mo. 77, 15 S. W. 992; Burrton State Bank v. Milling Co., 163 Mo. App. 135, 145 S. W. 508; Hunter Bros. Milling Co. v. Stanley, 132 Mo. App. 308, 111 S. W. 869; Strauss, Pritz & Co. v. Hirsch & Co., 63 Mo. App. 95; A. J. Poor Grain Co. v. Franke Grain Co., 157 S. W. (Mo. App.) 840; Howard v. Haas, 131 Mo. App. 499, 109 S. W. 1076. The judgment is reversed and the cause remanded with directions to the circuit court to enter judgment in favor of the defendant for the return of the goods or their value. *Robertson, P. J.,* and *Sturgis, J.,* concur.