## BY THE

### ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

## OCTOBER TERM, 1914.

*(Continued from Vol. 184.)*

## THE ROARING FORK POTATO GROWERS' AS-SOCIATION, Appellant, v. C. C. CLEMENS PRODUCE COMPANY, Respondent.

### Kansas City Court of Appeals, December 7, 1914.

1. **CONTRACTS: Vendor and Vendee: Purchase Price: Cancellation.** The plaintiff sold the defendant twenty-five cars of potatoes at $1.05 per 100 pounds and delivered nineteen cars receiving the money therefor. While it was loading and preparing to ship the remaining six cars, the defendant telegraphed that no more shipments would be received. It sued to recover the selling price of six carloads. At the time of the sale it did not have the potatoes in its possession, but afterwards purchased them. *Held*, that if a vendor sells a thing not belonging to him and subsequently acquires title to it before the repudiation of the contract by the purchaser, the property in the thing sold vests immediately in the purchaser, subject, where so provided in the contract, to the right of the vendor to hold possession until the purchase price be paid or tendered by the vendee.

2. ———: ———: **Remedies.** Where the subject of a sale is property owned at the time by the vendor, the refusal of the vendee to accept it when tendered, affords the vendor a choice

of three remedies, viz.:  First, he may treat the property as belonging to the vendee, ship it to him, or hold it subject to his order and recover the full purchase price, or, second, he may sell it for the account of the vendee at the best price obtainable and recover the difference between the proceeds and the contract price, or, third, he may treat the sale as ended and the property as his own and recover from the vendee the difference between the contract and market values of the property.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie,* Judge.

REVERSED AND REMANDED.

*Sebree, Conrad & Wendorff* for appellant.

(1)  Plaintiff sold the potatoes in question to defendant.  It was a completed sale—an executed contract and not an executory contract or promise or agreement to sell.  The title vested in defendant and defendant became the owner of said potatoes, and liable to plaintiff for the contract price thereof.  Longsdorf v. Meyers, 157 S. W. 85; Dehner v. Miller, 166 Mo. App. 504; Elster v. Harnden, 153 Mo. App. 385; Glass v. Blazer Bros., 91 Mo. 567; Bass v. Walsh, 39 Mo. 197; Williams v. Evans' Admr., 39 Mo. 201; Wheles v. Grocery Co., 140 Mo. App. 572.  (2)  The refusal of defendant to accept the potatoes in question relieved plaintiff from delivery or even tender thereof, and placed plaintiff in exactly the same position as if the potatoes had been delivered to and accepted by the defendant; and the mere fact that plaintiff completely complied with its contract by delivering the potatoes would not defeat his right of recovery.  Ohler v. Fruit Co., 162 Mo. App. 446; Stumpf v. Mueller, 17 Mo. App. 290; Dobbins v. Edmonds, 18 Mo. App. 307.

*E. McD. Colvin* for respondent.

(1)  Under the facts in this case plaintiff had no right to load and ship these potatoes after the order

had been countermanded and due notice had been given paintiff that defendant would not accept the potatoes. It was the duty of the plaintiff under the law to dispose of the potatoes at the best price it could secure, reducing the damages as far as possible, and collect its damages for breach of contract. 9 Cyc., 638, sec. F; Danforth v. Walker, 37 Vt. 239, 40 Vt. 257; Peck v. Metal Roofing Co., 96 Mo. App. 212; Clark v. Marselia, 1 Den. 317, 318, 43 Am. Dec. 670. (2) The seller cannot recover in a suit for the contract price until he has surrendered the goods to the buyer and the title thereto has passed. The law does not permit the vendor to retain the property as his own and at the same time recover the contract price. Estes v. Harden, 153 Mo. App. 381; Dobbins v. Edmonds, 18 Mo. App. 307; Bass v. Walsh, 39 Mo. 201; 35 Cyc. 599. (3) When goods are shipped and draft drawn with bill of lading attached, the title remains in the seller so long as he holds the bill of lading. If, where there is a consignment to the seller, his agent, or order, the bill of lading is forwarded to the seller's agent with draft attached, to be delivered to the buyer on payment, the seller thereby manifests an intention to reserve the property in the goods and the title does not pass until the draft is paid. Bergeman v. Railroad, 104 Mo. 77; 35 Cyc., page 333, and cases cited under 97; Hauterman v. Bock, 1 Daly (N. Y.) 366; 35 Cyc., page 333. (4) In sales of specific chattels for cash on delivery, delivery and payment are concurrent acts, and delivery in the expectation of receiving immediate payment is not absolute, but conditional, and, when there is no waiver of payment, the property does not pass until the price is paid. Railroad v. Good (Ohio), 29 L. R. A. 713.

JOHNSON, J.—This is an action for the purchase price of six carloads of potatoes. It was tried in the circuit court, without a jury, on an agreed statement of facts and the judgment was for defendant.

Plaintiff, a dealer in potatoes in Carbondale, Colorado, on September 9, 1910, "sold to defendant a produce dealer in Kansas City twenty-five cars of potatoes for the price of $1.05 per 100 pounds," under an agreement that as shipments were made they were to be billed to plaintiff's order with directions to notify defendant, and that upon payment of sight drafts drawn for the purchase price with bills of lading attached defendant could obtain the shipments at Kansas City. Plaintiff did not own the potatoes at the time of the sale, but afterwards procured them and actually delivered nineteen of the twenty-five cars in the time and manner provided in the contract. "On September 21, 1910, after all of said twenty-five cars of potatoes had been purchased by plaintiff for the special purpose of complying with its contract of sale of said twenty-five cars . . . and after nineteen cars . . . had been shipped to and received and paid for by defendant and three of the remaining cars were loaded and the other three were ready to be loaded upon the railroad cars," defendant telegraphed plaintiff requesting that further shipments be postponed and on the following day telegraphed that no more shipments would be received. Plaintiff answered refusing to accept such cancellation of the remainder of the order and notifying defendant that six carloads would be shipped. This notice was followed by shipments of the six cars. Drafts were drawn for the purchase price and with bills of lading attached were forwarded to Kansas City through banks for collection. Payment was refused by defendant and it is not known what disposition the railroad companies made of the potatoes. They were not received by defendant nor returned to plaintiff and neither party received any proceeds from them.

The petition declares upon a sale of six carloads of potatoes delivered to defendant on board cars at Carbondale at various dates between and including the 21st and 26th days of September, 1910, and makes no

mention of the sale and delivery of the nineteen car-loads accepted and paid for by defendant. The answer alleges a "countermand of all orders given the plaintiff for potatoes" and the attempted delivery of the six cars in controversy after plaintiff was notified that defendant would not accept them.

It is argued by defendant that plaintiff had no right to "ship these potatoes after the order had been countermanded and due notice had been given plaintiff that defendant would not accept the potatoes. It was the duty of plaintiff, under the law, to dispose of the potatoes at the best price it could secure, reducing the damages as far as possible and collect its damages for breach of contract."

In effect defendant admits, as it must, that it was without legal justification in attempting to cancel the contract and that plaintiff, the vendor, was not bound to accept such cancellation, but could stand upon the contract. Where the subject of the sale is property owned at the time by the vendor, the refusal of the vendee to accept it when tendered, affords the vendor a choice of three remedies, viz.: First, he may treat the property as belonging to the vendee, ship it to him, or hold it subject to his order and recover the full purchase price; or second, he may sell it for the account of the vendee at the best price obtainable and recover the difference between the proceeds and the contract price; or, third, he may treat the sale as ended and the property as his own and recover from the vendee the difference between the contract and market values of the property. [Dobbins v. Edmonds, 18 Mo. App. 307.]

Where the property sold must be procured or manufactured by the vendor, the contract of sale is executory and if while executory the vendor receives notice from the vendee of the latter's intention not to accept the property on tender of delivery, the vendor cannot force a sale upon the vendee (except in those instances, in equity, of specific performance) and may only have

recourse, in law, to his remedy for the recovery of the damages he has sustained from the vendee's breach of contract which occurs by the giving of such notice.

But in the present case the contract was not executory. True, at the time of the sale plaintiff did not have the potatoes to fill the order but it procured them and had them ready for shipment before defendant gave notice of its intention not to receive them. An executory contract of sale is regarded as executed when the vendor acquires the property for delivery pursuant to the contract but is entitled to retain possession until the purchase price is paid by the vendee. As is said in St. Louis Range Co. v. Kline-Drummond Mercantile Co., 120 Mo. App. 438: "If the contract has been so far performed by the seller that the property is ready for delivery before he has notice or knowledge of the buyer's intention to decline acceptance, he may treat the property as belonging to the buyer, hold it subject to the latter's order and recover the full agreed price." [Koenig v. Boat Mfg. Co., 155 Mo. App. 685; Frederick v. Willoughby, 136 Mo. App. 244.] In such case the vendor is not required to sell the property for the account of the vendee and instead of holding it subject to the latter's order, he may ship it pursuant to the contract, subject to his right to retain its possession until payment of the purchase price. [Estis v. Harnden, 153 Mo. App. 381; Dobbins v. Edmonds supra; Oehler v. Fruit Co., 162 Mo. App. 446; Dehner v. Miller, 166 Mo. App. 504; Danforth v. Walker, 37 Vt. 239; 24 Am. & Eng. Ency. of Law (2 Ed.), 1058, et seq.; Benjamin on Sales (7 Ed.), sec. 83.] In the authority last cited the author tersely states the rule "that if a vendor sell a thing not belonging to him and subsequently acquires title to it before the repudiation of the contract by the purchaser the property in the thing sold vests immediately in the purchaser," subject, of course, where so provided in the contract, to the right of the vendor to

Gummerson v. Bolt & Nut Co.

hold possession until the purchase price be paid or tendered by the vendee.

The election of remedies made by plaintiff in the present case was one it had a legal right to make, and there is no reason in law for denying plaintiff recovery for the agreed price of the potatoes. Defendant had the opportunity of protecting itself by paying the drafts and accepting the potatoes and is in no position to complain of plaintiff's performance of the strict letter of the contract.

The judgment is reversed and the cause remanded. All concur.