ROARING FORK POTATO GROWERS, Respondent, v. C. C. CLEMONS PRODUCE COMPANY, Appellant.

**Kansas City Court of Appeals, May 22, 1916.**

1. **VENDOR: Delivery: Bill of Lading: Title.** Where a vendor delivers property to a carrier consigned to the vendee it is a delivery to the vendee and title passes to him. But if the vendor consigns the property to himself and takes a bill of lading to himself to which he attaches a draft on the vendee for the purchase money, the title remains in the vendor until payment of the draft.

2. ———: **Bill of Lading: Title: Collection.** Even where a vendor consigns property to himself and attaches a draft on the vendee to the bill of lading only for the purpose of collecting the purchase price, the title remains in the vendor until that price is paid, or tendered.

3. **Petition: Contract: Proof: Total Failure.** A petition declared on a contract for sale and delivery of property at a certain place and alleged a delivery there. The evidence showed a delivery to a carrier and shipment from that place to a distant place, the vendor taking a bill of lading, making himself the consignee, and attaching a draft on the vendee and sending to destination for collection before delivery. It was *held* that there was a total failure of proof.

4. ———. **Waiver: Pleading.** There can be no recovery on a waiver of the terms of a contract unless the waiver be pleaded.

5. **RES ADJUDICATA: Agreed Facts: Evidence.** A case tried on an agreed statement of facts and afterwards the judgment reversed and on second trial tried by oral evidence differing essentially from the agreed statement, the rule of *res adjudicata* does not apply.

6. **PLEADING: Answer.** A case tried on the assumption that an answer consisting of a general denial is filed will be regarded as filed.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie,* Judge.

REVERSED.

*E. McD. Colvin* and *Smart & Strother* for appellant.

*Chas. W. Taylor* and *Sebree, Conrad & Wendorff* for respondent.

ELLISON, P. J.—Plaintiff is a resident of Colorado and defendant of Kansas City, Missouri. Plaintiff brought this action for the price of six carloads of potatoes. It had judgment in the trial court.

The case was before this court on a former occasion and will be found reported in 185 Mo. App. 1, where it will be seen that a new trial was ordered. The second trial was had on an amended petition and on oral evidence. The first trial was on the original petition and an agreed statement of facts specifically restricted to that trial. The evidence at the second trial presented some vitally distinctive features not appearing in the agreed statement. It is pleaded in the amended petition that defendant bought of plaintiff twenty-five carloads of potatoes, agreeing "to pay one dollar and five cents per hundred weight for the same when delivered on board the cars, at Carbondale, Colorado. That defendant received and paid for nineteen of said cars of potatoes but refused and failed

to receive and pay for the remaining six cars. 'Plaintiff alleges that it delivered said six cars of potatoes on board the cars at Carbondale, Colorado, to defendant on the dates and in the amounts following, to-wit (here follows six dates of six separate cars). Plaintiff alleges by reason of the premises aforesaid, defendant is indebted to it in the sum of nineteen hundred and forty-four dollars and twenty-six cents, together with interest," etc.

It was shown in evidence that plaintiff did not have the potatoes on hand when it contracted them to defendant and that it expected to fill its contract by purchases to be thereafter made. The evidence showed that it purchased the nineteen cars paid for by defendant, when the latter ordered that no more be shipped. But before plaintiff received the order it had bought the remaining six cars now in dispute, That, if other conditions had been right, would have changed the executory character of the contract of sale into an executed contract; See opinion on former appeal. But, as already stated, the contract pleaded and the *performance* pleaded, was, specifically, that the potatoes were to be delivered and were, in fact, delivered to defendant on board the cars at Carbondale, Colorado. The evidence which plaintiff insists shows such delivery was to this effect: Plaintiff, after loading a car would ship it to defendant by railroad, taking a bill of lading to its own order and attaching a draft drawn on defendant for the price of the carload. These bills of lading and attached drafts would be sent through banks to a bank at Kansas City and when defendant paid the draft, it would receive the bill of lading from the bank and then get possession of the potatoes from the railroad. Defendant never paid for, nor received the six cars, and it does not appear what became of them. The bills of lading were

endorsed, "Notify C. C. Clemons Produce Co. . . . Allow inspection."

This was a total failure of proof. Plaintiff's theory is that the potatoes were set apart and appropriated to defendant and the title passed to it when the potatoes were loaded at Carbondale, notwithstanding that it, for security, retained possession by taking the bill of lading in its own name and drawing draft on defendant for the price, the potatoes to be delivered on payment of the draft. But it was alleged in the petition that the contract was that the delivery was to be at Carbondale and that in compliance with the contract, the delivery was at that place; while the evidence showed that *none* of the potatoes were delivered at Carbondale. In fact, three of the six cars were never at that place. Three cars were loaded there, but shipped by plaintiff to Kansas City, Missouri, as just stated, under a bill of lading to its own order, with drafts attached and allowing inspection by defendant before paying the drafts.

But besides this, plaintiff's theory is erroneous, for, in such circumstances, the title to the property does not pass to the vendee. [Sharp v. Meyer, 133 Mo. 428, 445; Milling Co. v. Stanley, 132 Mo. App. 308; Gifford v. Willman, 187 Mo. App. 29, 33, 37; Cold Storage Co. v. Commision Co., 178 Mo. App. 225; Peoples Bank v. Railroad, 158 Mo. App. 519; Dixon v. Merchants Elevator Co., 44 Mo. App. 498, 503.] Such is the law elsewhere. [Kentucky Refining Co. v. Globe Co., 104 Ky. 559; Thick v. Railroad, 137 Mich. 708; Dows v. Nat'l Exchange Bank, 91 U. S. 618.]

Even where the bill of lading is dealt with only to secure the contract price, the title to the property does not pass to the vendee *until payment* or *tender* by him of the contract price. [Mirabita v. Imperial Ottoman Bank, 3 Ex. Div. 164, 173 (Opinion of Cotton, L. J. concurred in by the entire Court of Ap-

peal); Benjamin on Sales, "Eighthly" division, page 373 and American note on same page.] So, under no view of the evidence, was there a completed sale, and plaintiff's action should have been along other lines. It is brought on a state of alleged facts which did not exist.

The authorities relied upon by plaintiff[*] are not opposed to those cited by us. They are to the effect that in an ordinary sale of personalty for cash, title to the property may pass to the vendee and yet the vendor retain possession until the purchase price is paid. That is, payment of price and delivery are contemporaneous acts, and one cannot be required without the other. But that is not the case pleaded, nor is it the case proven. When the vendor delivers goods to a carrier consigned to the vendee it is a delivery to the vendee and title passes. But if he delivers to the carrier, taking a bill of lading to *himself as consignee,* he retains the *title* until the purchase price is paid or tendered. [Sharp v. Meyer, Milling Co. v. Stanlay, and other cases supra.]

Recurring again to the petition, it alleges a contract to deliver at Carbondale, Colorado, and that the delivery was made there. The evidence shows that under the contract there was not to be a delivery of possession at that place, but at Kansas City, Missouri, and it shows, in point of fact, that there was no delivery there, or anywhere else. It shows that defendant refused to pay the drafts and delivery was therefore not made. In short, the petition is, at entire cross purposes with the evidence. In Cole v. Armour, 154 Mo. 333, 350, 351, Judge MARSHALL said:

"The plaintiff sued on a special contract, and therefore he must recover upon that or not at all in this action. . . . This is true notwithstanding the evidence may show that the plaintiff had a perfectly good cause of action which was not sued on. The

193 App. 42

defendant is only required to meet the case stated in the pleadings, and if a right of action not stated in the petition is developed by the evidence, still the defendant is not called on to rebut or refute such testimony or to contest such unpleaded rights. It is enough for him to fight the case brought, and it will be time enough to defend against any other cause of action than that stated in the pleadings, when he is charged therewith, has pleaded thereto, and prepared for the trial thereof."

This rule is again stated in Ingwerson v. Railroad, 205 Mo. 328, 325. And if a petition alleges a contract of sale for delivery at a certain place, the proof must show a delivery at that place. [Southern Lbr. Co. v. Lumber Supply Co., 89 Mo. App. 141; Fairbanks Co. v. Mining Co., 105 Mo. App. 644, 652; Woldert v. Pillman, 191 Mo. App. 15; Clark v. Cuson, 3 Head, 55.]

Plaintiff seeks to obviate the difficulty in its way by the suggestion that defendant waived the terms of the contract as "to the delivery and place thereof," by refusing to accept the potatoes. This cannot be allowed. A waiver must be pleaded. "It is well-settled law in this State that all contracts modified by waivers, except policies of insurance, can only be recovered upon by alleging and proving such waivers. [Lanitz v. King, 93 Mo. 513; Mohney v. Reed, 40 Mo. App. 99, 109; St. Louis Trust Co. v. American Real Estate Co., 82 Mo. App. 260, 263.]

Again, plaintiff denies defendant's right to make the defense it has on the ground that the case is bound, under the rule of *res adjudicata*, by the law laid down in the opinion on the first appeal. The law stated in the first opinion was based on an agreed statement of facts, agreed to for that trial only. But there was no such statement at the second trial. Oral evidence was heard and facts vital to the legal rights of the parties were shown, which were entirely absent from the

agreed statement of facts. The face of the present record shows that the title to the property (not alone the possession) was retained by plaintiff until the potatoes were paid for, and that was also the express testimony of its chief officer. No such stipulation appears in the agreed statement. Again, the evidence now shows that there was endorsed on the bill of lading that defendant should have the right of inspection before accepting the property. And it also appeared in evidence at the last trial that three of the cars of potatoes were never in Carbondale. In short, the case decided on the first appeal was on one branch of the law of sales, while the evidence on the second trial makes a case on a different branch.

We may add that plaintiff filed an amended petition during the second trial to which defendant filed an amended answer consisting of a general denial. Plaintiff seems to question that defendant filed a general denial to the petition as amended. The abstract so states. An additional abstract for defendant shows an answer filed two months before the trial, but that is not the answer filed to the amended petition and we must accept defendant's abstract. Besides, though an answer should not be actually on file, the case after trial had will be treated as though it were. [Henlee v. Cannefax, 49 Mo. 295.]

We agree that a case must not be disposed of on appeal on some new theory. But manifestly this one has not.

The judgment should be reversed. All concur.