## FRANKLIN BANK OF ST. LOUIS, MISSOURI, *v.* BOECKELER LUMBER COMPANY ET AL.

### [No. 12,155.   Filed May 14, 1925.]

1. PLEADING.—*Variance not deemed material unless appellant misled to his prejudice.*—Under the provisions of §418 Burns 1926, §400 Burns 1914, §391 R. S. 1881, a variance is not deemed material unless the appellant was misled to his prejudice.   p. 96.

2. APPEAL.—*Variance not noticed on appeal when not called to attention of trial court.*—An alleged variance will not be considered on appeal where it was not called to the attention of the trial court.   p. 96.

3. SALES.—*When title passes to goods sold with draft attached to bill of lading.*—Where invoice for lumber sold was mailed to buyer with a notation signifying that a draft for 90 per cent. of the purchase price was attached to bill of lading, the title to the lumber did not pass until draft was paid and bill of lading released.   p. 96.

4. PLEDGES.—*Pledge of invoice for lumber sold held not to pass title to lumber to pledgee.*—Pledge of invoice for carload of lumber sold, the invoice signifying that a draft for 90 per cent. of the purchase price was attached to the bill of lading, did not pass title to the pledgee until the payment of the draft and surrender of the bill of lading, as pledgor would have no title.   p. 96.

5. ESTOPPEL.—*Seller of carload of lumber held not estopped to claim proceeds of resale by buyer.*—Seller of carload of lumber not estopped to claim the proceeds of a resale by the buyer when invoice mailed to purchaser signified on its face that title would not pass to purchaser until draft attached to bill of lading was paid and it had not been paid at time of resale.   p. 96.

6. ESTOPPEL.—*Want of knowledge of the facts relied on to constitute an estoppel is necessary.*—To constitute an estoppel, there must be a want of knowledge on the part of the one that relies thereon.   p. 96.

7. CARRIERS.—*Carrier's unauthorized delivery of shipment to buyer would not divest seller of title.*—Carrier's unauthorized delivery to the purchaser of a carload of lumber sold would not divest the seller of its title thereto where draft for purchase price was attached to bill of lading and the latter had not been surrendered.   p. 97.

8. PLEDGES.—*Pledgee acquired no right to proceeds of sale of property covered by pledged invoice.*—Pledge of invoice for carload of lumber sold to pledgor's vendor gave pledgee no title

where bill of lading with draft attached for purchase price had not been surrendered by seller, and consequently pledgee had no right to proceeds of resale by buyer.   p. 98.

From Lake Superior Court; *Maurice E. Crites,* Special Judge.

Action by the Boeckeler Lumber Company against the Paxton Lumber Company, which filed an answer of interpleader, asking that the Franklin Bank of St. Louis, Missouri, be substituted as defendant, which was done. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Ibach, Gavit, Stinson & Gavit,* for appellant.

*G. C. White,* for appellee.

NICHOLS, J.—Action by appellee, Boeckeler Lumber Company, hereinafter mentioned as "appellee," against appellee Paxton Lumber Company, seeking to recover upon an account for a carload of lumber in the sum of $875.90. The Paxton Lumber Company filed its verified petition of interpleader alleging that it had bought the carload of lumber in question from Van Cleave, Powe Lumber Company who had assigned the account to appellant which was making demand upon the Paxton Lumber Company, and claimed to be the owners of the said account. The Paxton Lumber Company offered to pay into court the amount due. The court sustained the petition and the appellant was substituted as a party defendant, and filed a cross-complaint alleging that the carload of lumber in question had been sold by the Van Cleave, Powe Lumber Company to the Paxton Lumber Company under a certain written contract, and that the carload of lumber was delivered to the Paxton Lumber Company, and the account assigned to appellant.

Appellee claims that the carload of lumber was never delivered to the Van Cleave, Powe Lumber Company but

appellant claims that appellee had given the Van Cleave, Powe Lumber Company the indicia of ownership, and that, relying upon the same, appellant had purchased the account.

The Van Cleave, Powe Lumber Company was insolvent and appellant contends that appellee, by reason of its conduct, was estopped to claim said account and prayed judgment for the amount due. A trial resulted in a finding and judgment in favor of appellee. The error assigned in this court is the court's action in overruling appellant's motion for a new trial.

Presenting the insufficiency of the evidence to sustain the decision of the court, appellant says that the complaint was upon the theory of past due accounts while the evidence proved, if anything, an express contract for the purchase of lumber, and contends that proof of one will not support a complaint for the other. There is no claim, however, that appellant was misled to its prejudice, and therefore such variance is not deemed material. §418 Burns 1926, §400 Burns 1914, §391 R. S. 1881. Further, it does not appear that the attention of the trial court was called to such variance, and therefore this court will not notice it on appeal. *Krewson* v. *Cloud* (1873), 45 Ind. 273; *U. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 73 N. E. 996; *Latshaw* v. *State, ex rel.* (1901), 156 Ind. 194, 59 N. E. 471.

The evidence, which is substantially undisputed, shows that the lumber was ordered by phone from appellee by the Van Cleave Saw Mill Company, of which the Van Cleave, Powe Lumber Company was but the sales department, there being no separate organization. Its value exceeded $50; no part of it was delivered; no memorandum or contract in writing was signed by the parties; and nothing was ever paid on the purchase price. Appellee mailed the Van Cleave people an invoice of said shipment, upon

the face of which appeared "90% S. D. B/L attached," signifying that a sight draft for ninety per cent. of the full purchase price was demanded upon surrender of the bill of lading, and that appellant's, the vendor's, intention was to notify vendee that it (the vendor) would not convey title, or assign the bill of lading, until ninety per cent. of said price was paid. Neither the ninety per cent. nor any part of the purchase price was ever paid. The Van Cleave, Powe Lumber Company, and the Van Cleave Saw Mill Company thereupon proceeded to borrow money from appellant, and assigned such copy of invoice as a pledge, or security, for the payment of such amount borrowed.

It is to be observed that the Van Cleave company had only an invoice of the lumber, not the bill of lading, which it could not lawfully obtain without paying the sight draft thereto attached. The bill of lading was used as a means of securing payment, and without such payment and surrender of the bill of lading, the title did not pass to the Van Cleave company. *Roaring Fork Potato Growers* v. *Clemons Produce Co.* (1916), 193 Mo. App. 653, 187 S. W. 617; *J. L. Price Brokerage Co.* v. *Chicago, etc., R. Co.* (1917), 199 S. W. (K. C. C. of Appeal) 732; *Dows* v. *National Exchange Bank* (1875), 91 U. S. 618, 23 L. Ed. 214. See, also, *Union, etc., Co.* v. *Yeager* (1870), 34 Ind. 1, 11. It follows that, as the Van Cleave company had no title, it could pass none to appellant. Nor is the principle of estoppel available to appellant. There was nothing in the conduct of appellee that should have misled appellant. On the face of the invoice, the assignment of which it accepted as security for the loan, it was notified of an outstanding bill of lading with sight draft attached. It was therefore notified that the Van Cleave company had no title. To constitute an estoppel, there must be

a want of knowledge on the part of the one who relies thereon. *Greensburgh, etc., Co.* v. *Sidener* (1872), 40 Ind. 424; *Smith* v. *Yost* (1919), 72 Ind. App. 628, 125 N. E. 73; *General Realty Co.* v. *Silcox* (1925), —— Ind. App. ——, 146 N. E. 408. The unauthorized delivery of the lumber to the Van Cleave company did not divest appellee of its title thereto. *Union, etc., Co.* v. *Yeager, supra.*

8. As appellant acquired no title to the property by the assignment of the invoice without the bill of lading, it acquired no right to the proceeds of its sale.

We find no reversible error.

Judgment affirmed.