## N. W. HELM FEED and COAL COMPANY, Appellant, v. BUTLER COUNTY MILLING COMPANY, Respondent.*

In the Springfield Court of Appeals. Opinion filed March 6, 1925.

1. **APPEAL AND ERROR: Appellate Practice: Erroneous Instruction Held Harmless, in View of Verdict.** Erroneous instruction on measure of damages as to counterclaim *held* harmless, where jury found against counterclaim.

2. **SALES:. Carriers: Agency of Carrier: Carrier Agent of Purchaser to Extent of Vesting Title, But Not for Purpose of Inspection.** Where seller shipped corn to buyer, the carrier was the agent of the purchaser to the extent of vesting the purchaser with title upon delivery of the shipment to it; but was not the agent of the purchaser for the purpose of inspection.

3. ———: ———: **Shipments: Purchasers Right to Inspect Shipments.** Where goods are shipped by seller to buyer, the right of the buyer to inspect the goods at destination within a reasonable time is generally implied in the absence of any provision in the contract to the contrary; and this is true, although the legal title to the goods may have passed to the purchaser by delivery to the carrier at the point of shipment.

4. ———: ———: ———: **Purchaser Held Entitled to Inspect Shipment at Destination to Determine Quality and Condition: Testimony Held Competent.** Where buyer ordered a car of a certain grade of corn, to be transported by a common carrier, f. o. b. tracks at point of shipment, no time of payment, right to inspection, or time of acceptance being mentioned, it had the right of inspection at the point of destination, so that, if the corn was not of the quality contemplated by the contract of purchase, it could rescind the contract; therefore testimony offered by it as to the condition of the corn when received was competent.

5. **APPEAL AND ERROR: Appellate Practice: Conflicting Testimony: Question for Jury: Verdict Binding on Appellate Court.** In action on account for contract price and freight on a car of corn sold by plaintiff to defendant, where there was a sharp conflict in the testimony as to the quality and condition of the corn, such quality and condition became a question of fact for the jury, and its verdict,

supported by substantial evidence, *held* conclusive on appellate court.

---

*Headnotes 1. Appeal and Error, 4 C. J., Section 3027; 2. Sales, 35 Cyc., pp. 195, 316; 3. Sales, 35 Cyc., pp. 225, 227, 289; 4. Sales, 35 Cyc., pp. 137, 289, 571 (Anno); 5. Appeal and Error, 4 C. J., Section 2836; Sales, 35 Cyc., p. 575.

Appeal from the Circuit Court of Butler County.—*Hon. Almon Ing*, Judge.

AFFIRMED.

*Ward, Reeves & Oliver*, of Caruthersville, for appellant.

(1) This was an executed contract, title to corn passed when car was loaded F. O. B. the cars at Caruthersville, Missouri. Defendant accepted same, first, by the instructions it gave to the plaintiff in directing the shipment to it at Giles Spur, Arkansas, via Poplar Bluff, and second, by a resale of the corn to a third party. Neal v. Cunningham Store Company et al., 160 Mo. App. 514; Turner Looker v. Hindman et al., 232 S. W. 1076; Blooms Sons v. Haas, 130 Mo. App. 125; Hoffman v. Wisconsin Lumber Co., 229 S. W. 289. (2) This contract being fully executed it was error on the part of the trial court to permit testimony as to the value of the corn at any point other than the place where the contract was consummated and at the time it was consummated. All of the witnesses that testified for defendant on this point testified to the value of the corn at Giles Spur, Arkansas, or Newport, Arkansas, at a time several weeks and in some instances several months later than the date of the contract. Blooms Sons v. Haas, 130 Mo. App. 125; Neal v. Store Company, 160 Mo. App. 513. (3) It was error to instruct that the measure of damages on the part of the defendant was the "difference between the price that the defendant agreed to pay plaintiff for said corn and the price the defendant agreed to sell said corn to said

third party." The correct measure of damage, if defendant was damaged, at all, was the difference between the price defendant agreed to pay plaintiff and the reasonable market price of said corn at the time and place the contract was made. Neal v. Store Company, 160 Mo. App. 513; Black River Lumber Co. v. Warner, 93 Mo. 274; Weber Motor Car Company v. Roberts (cases cited thereunder), 203 Mo. App. 518. (4) The trial court erred in giving defendant's instruction number one which covered the entire case on behalf of the defendant, because this instruction and particularly the following: "And as a result thereof, the third party to whom defendant had contracted said load of corn, refused to receive and accept same;" is a comment on the testimony. Moody v. Cowherd, 199 S. W. 587; Rice v. Jefferson City Bridge Company, 216 S. W. 751; Miller v. Busey, 186 S. W. 983; Barr v. Kansas City, 105 Mo. 550.

*Sam M. Phillips,* of Poplar Bluff, for respondent.

(1) The contract in this case was never executed as claimed by appellant. The defendant ordered from the plaintiff a car of "nice corn," which expression has a definite meaning among grain merchants. The plaintiff never loaded a carload of "nice corn," but to the contrary loaded a carload of worm eaten, trashy, rotten, unwholesome corn. This was not an execution of the contract between plaintiff and the defendant and this act upon the part of the plaintiff did not make of the contract an executed contract. 35 Cyc., 189 and cases cited. (2) Appellant builds his point 2 upon the crumbly foundation of his point 1. He takes the position in point 1 that this was an "executed contract" and then he builds his argument in point 2 on that as a basis. There are several things the matter with point 2 of appellant's brief. In the first place the facts therein recited are not borne out by the record in this law suit. Appellant says at this point that the trial court permitted witnesses to testify as to the value of the corn at Giles Spur. This

is a misconception of what the testimony was. The testimony did not show the value, but showed the condition of the corn when it arrived at Giles Spur. The testimony of the condition at Giles Spur four, five six or seven days after this corn was shipped from Caruthersville, was certainly within such time that there was a strong presumption that the condition of the corn at Giles Spur was its condition when it was loaded on board cars at Caruthersville, as the expert testimony that was not contradicted showed that the corn could not have gotten in the condition it was at Giles Spur within six days or such a matter. This testimony was clearly competent. (3) If there was any error in defendant's instruction as to the measure of damages on behalf of the defendant, on defendant's counterclaim, that error would be absolutely harmless for the reason that the jury found against the defendant on the counterclaim. Schafer v. St. Louis, etc., Railroad Co., 128 Mo. 64, 74; Mize v. Glenn, 38 Mo. App. 106. A party cannot complain of the giving of erroneous instructions where the verdict is found in his favor. Logan v. Field, 192 Mo. 54; Dayton Folding Box Co. v. Danciger, 161 Mo. App. 640, 143 S. W. 855; Edwards v. Mo. Pac. R. Co., 82 Mo. App. 478; 4 Corpus Juris, 1042, footnotes 36 and 37, citing several hundred cases. The verdict of the jury was in favor of the plaintiff and against us on our counterclaim and therefore, under the authorities above, any error in the instruction on the measure of damages on the counterclaim would be harmless, for the reason that the jury didn't give us any damages measured by the instruction. (4) (a) The appellant at this point of his brief complains of the action of the court in giving defendant's Instruction No. 1. If there was any error in the giving of this instruction, which we deny, the same was not called to the attention of the trial court in plaintiff's motion for new trial. The only instructions complained of in plaintiff's motion for new trial were instructions No. 5 and No. 6. (b) The part objected to under this point of appellant's brief is in-

corporated in the instruction set out at page 74 of appellant's abstract of the record. If there was any error at all in incorporating in this instruction the matters set out at page 7 of appellant's brief, the error was absolutely harmless for the reason that this instruction, which is assailed, related to defendant's counterclaim, and on defendant's counterclaim, the verdict was in favor of the plaintiff and against the defendant, and under the authorities which we have cited supra it will be seen that the appellant cannot assign as error the giving of an instruction on an issue that was found in his favor.

BAILEY, J.—This is an action on account for the contract price and freight on a carload of corn sold by plaintiff to defendant. The defense was that the corn was not of the quality purchased; there was also a counterclaim. On trial in the circuit court the jury found for defendant on plaintiff's petition and for plaintiff on defendant's counterclaim. Plaintiff appealed.

The contract for the sale of this corn is evidenced by plaintiff's Exhibits "A" and "B," which are as follows:

"May 25, 1922.

"Mr. N. W. Helm, Coal & Feed Co.,

"Caruthersville, Mo.

"Dear Sir:

"Confirming telephone conversation with you today we have purchased from you one car of snap corn at 74 lbs. to the bushel, basis 57¢ f. o. b. Caruthersville, shipment to be made to us at Giles Spur, Arkansas, on the Iron Mountain, your sworn weights to govern. Please attach a sworn weight certificate of each load of corn put in this car, showing the number of loads and number of pounds of each load. We will want this for the benefit of our customer. Kindly give us a nice car of corn and get this rolling to us immediately.

"We thank you very kindly for your statement, that you will call us any time you have corn to offer. We can use your corn to advantage and we know that you will never have any trouble from us on weights or quality,

provided you give us just what you sell us. We are sure that you will do this and we sincerely trust that the relation will prove a pleasant and profitable one for us both.

"Yours truly,

"HIR/FV "BUTLER COUNTY MILLING Co."

"May 25, 1922.

"Butler County Milling Co.,

"Poplar Bluff, Mo.

".Gentlemen:

"This will confirm sale to you over telephone today of one car of snapped corn at 57¢ per bushel, f. o. b. Caruthersville.

"We will load this car out for you at once and bill same to you at Giles Spur, Arkansas and route shipment via Frisco % Iron Mountain at Poplar Bluff.

"Yours very truly,

"N. W. HELM FEED & COAL Co.

"WLC:RE "By LUTHER CANTRELL."

From the evidence it seems the corn was loaded on the car at Caruthersville, Missouri, about June 7, 1922. After some delay, caused by refusal of the Railroad Company to issue a Bill of Lading, the car arrived at Giles Spur, Arkansas, about the 13th or 14th of June, 1922. Defendant's evidence tended to show that no inspection of the car of corn was made by any representative of the defendant company until after its arrival at Giles Spur; that on the 13th or 14th of June, the car of corn was inspected by one J. A. McKinney working for the Bimel-Ashcroft Manufacturing Company, the customer to whom defendant had sold the car of corn; that the car of corn was light in weight, chaffy, wormy, weevil eaten and trashy; that it was loose on the cob and unfit for animal use; that the car was further inspected by a representative of the defendant Company on the 16th or 17th of June, who also found the corn dirty, unwholesome and unfit for animal use; that defendant notified plaintiff of the alleged condition of the corn on June 22nd, and again on June 23rd, at which time defendant definitely refused to accept the corn and notified plain-

tiff it was on the track subject to plaintiff's orders. On or about the 8th day of September, 1922, thereafter, the corn was sold by the Railroad Company for demurrage. Plaintiff's testimony in rebuttal tended to prove that the corn was of the average grade of Southeast Missouri corn for the year 1921, at the time it was loaded on the tracks at Caruthersville; that it was not wormy, chaffy or loose on the cob and that it was fit for animal use.

Plaintiff assigns as error, the giving of certain instructions offered by defendant and especially defendant's instruction Number —— covering the whole case. In the motion for new trial, plaintiff sets up that the court erred in giving on behalf of defendant, instructions Number 5 and 6. In defendant's brief, it is urged that the court erred in giving defendant's instruction Number One; as the instructions are unnumbered in the abstract of record, it is impossible to determine as to just which instruction plaintiff objects. The first instruction on behalf of defendant appearing in the abstract of the record is in regard to defendant's counterclaim. This instruction was doubtless erroneous on the measure of damages; but as the jury found against defendant on its counterclaim, the giving of that instruction, however erroneous it may have been, could not have injured plaintiff on that issue.

After carefully reading all the instructions given on behalf of plaintiff, as well as on behalf of defendant, we are of the opinion the jury was properly instructed as to the law in relation to the facts developed in this case, except as above stated.

Plaintiff next assigns as error the ruling of the trial court in permitting witnesses to testify as to the value and condition of the corn at Giles Spur, Arkansas, and Newport, Arkansas. The basis of this contention is, that the contract was fully executed on the part of plaintiff when the car was loaded f. o. b. the cars at Caruthersville, and that defendant accepted the same by directing the shipment to it, at Giles Spur, Arkansas; and further that the contract being fully executed, testimony as to the

value of the corn at any other point than the place where the contract was consummated and at the time it was consummated, was not competent.

The term "value" as here used by plaintiff evidently means "quality" and not price. The contract fixed the price and there was no testimony in the case which would raise the question of value except in relation to quality. We shall so construe the term.

The contract, as evidenced by the letters introduced in evidence, contains no stipulations as to inspection, time of payment or acceptance. There is likewise no definite statement as to quality except the reference in defendant's letter (Exhibit "A") to a "nice car of corn." Both parties, however, tried the case on the theory that the corn was required to be fit for animal use. One of plaintiff's instructions required the jury to find the corn "generally sound and well matured, of merchantable grade and quality and fit for animal use." We therefore, accept that statement as the standard of quality in reviewing this case.

In passing upon the competency of testimony as to the condition of the corn upon its arrival at Giles Spur, Arkansas, we must decide this question: Where corn, to be of a quality fit for animal use, is ordered by a purchaser from a seller living at a distance, to be transported by a common carrier free on board the tracks at the point of shipment, no time of payment, right to inspection or time of acceptance being mentioned, has the purchaser the right of inspection at the point of destination, for the purpose of rejection, in the event the corn is not of the quality contemplated by the parties to the contract.

In considering this question, we recognize as correct appellant's statement that the title to the corn passed to respondent when the car was loaded f. o. b. the cars at Caruthersville, Missouri. The Railroad Company was the agent of the purchaser to the extent of vesting the purchaser with title upon delivery of the shipment to it. But the carrier was not the agent of the purchaser for

the purpose of inspection. [Bloom's Son v. Haas, 130 Mo. App. 122.]

In so far as the purchaser in this case was concerned, there was no inspection at the point of shipment and none contemplated. That being true, if the right of inspection at the point of destination were denied, then the purchaser would be bound to accept the shipment no matter how inferior the corn may have been. The right to inspect the goods at destination within a reasonable time is generally implied in the absence of any provision in the contract to the contrary. This is true although the legal title to the goods may have passed to the purchaser by delivery to the carrier at the point of shipment. [Columbia River Packers Association v. Springfield Gro. Co., 129 Mo. App. 132, 108 S. W. 113; Bloom's Son v. Haas, 130 Mo. App. 122, 108 S. W. 1078; George Gifford Co. v. Willman, 187 Mo. App. 29, 173 S. W. 53; Rivers Brothers Co. v. Putney, 27 N. M. 177, 27 A. L. R. 520; 35 Cyc. 225; 23 R. C. L. 1426 and 1433.]

We are cited to the case of Hoffman v. Wisconsin Lumber Company, 229 S. W. 289, decided by this court, as authority for the proposition that the contract on the part of plaintiff was fully performed and the corn accepted by defendant when the corn was loaded and shipping directions given by defendant, even though there had been no examination and no opportunity to examine. We do not so understand the ruling in the Hoffman case. The question there for decision was what constituted sufficient acceptance, so as to meet the provisions of the Statute of Frauds, Revised Statutes 1919, section 2170, the contract of sale not being in writing. Judge Cox, in writing the opinion in the Hoffman case, uses the following language: "The purchaser does not necessarily lose his right to rescind the contract and return the goods for failure of the goods to comply with the contract merely because he has, by his acceptance of them, made the contract binding. Had this contract been in writing or had part payment been made, the right to inspect and to return for defectiveness would have been retained by

defendant. This right remains until he has had a reasonable opportunity to inspect the goods and determine their quality.'' The right of inspection is thus clearly recognized in the Hoffman case. Any other rule would be unwise. The result of a contrary doctrine is clearly stated in the case of Pierson v. Crooks, 115 N. Y. 532, 22 N. E. 349, where the court said: ''The ordering of goods of a specific quality by a distant purchaser of a manufacturer or dealer, with directions to ship them by a carrier, is one of the most frequent commercial transactions. It would be a most embarrassing and inconvenient rule, more injurious even to the dealer or manufacturer than to purchasers, if delivery to the carrier was held to conclude the party giving the order from rejecting the goods on arrival, if found not to be of the quality ordered.''

We hold, therefore, that the testimony offered by respondent as to the condition of the corn when received, was competent. The defendant had the right of inspection at the point of destination, so that if the corn was not of the quality contemplated by the contract of purchase, it could rescind the contract. It is true, the question must turn on the condition of the corn at the time it was loaded into the car at Caruthersville. The defendant submitted testimony tending to prove that if the corn had been in sound condition when loaded it could not have been in unsound condition and unfit for animal use on the date it was inspected at its destination, six or seven days later. There was a sharp conflict in the testimony as to the quality of the corn. It thus became a question of fact for the jury, and its verdict, when supported by substantial evidence, is conclusive, so far as the appellate court is concerned.

In the case of Neil v. Store Company, 160 Mo. App. 513, 140 S. W. 947, cited by appellant, the facts were very similar to those in the case at bar and both cases were tried on the same theory. There was conflicting evidence in the Neil case as to the condition of the corn at the points of shipment and destination. The court, sitting as a jury, found from the evidence the corn was sound

when loaded. That finding, being supported by substantial evidence, was held to be binding on the appellate court.

We are in entire accord with that ruling and find nothing in the Neil case in conflict with our opinion here. The judgment is therefore affirmed.

All concur.